**LUSK et al., Receivers, v. WILSON.**

No. 9840—Opinion Filed March 22, 1921.

Rehearing Denied April 19, 1921.

(Syllabus.)

**1. Negligence — Contributory Negligence — Jury Question.**

The defense of contributory negligence shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury.

**2. Same—Directed Verdict—Cure of Error by New Trial.**

The evidence examined, and held, the case should have been submitted to the jury; further held, that the court committed error in giving to the jury a peremptory instruction in favor of the defendants and that th s error was corrected by sustaining the motion for a new trial.

**3. Appeal and Error—Discretion of Court— Grant of New Trial—Review.**

When a new trial has been granted by the same judge who presided at the trial of the case, this court will require a stronger case before it will interfere with the order granting a new trial than when a new trial has been refused.

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by Ottoe Wilson, a minor by his next friend and father, C. G. Wilson, against James W. Lusk, W. C. Nixon, and W. B. Biddle, receivers of the St. Louis & San Francisco Railway Company, a corporation, to recover for personal injuries sustained by the plaintiff on account of the negligence of the defendants. The case was tried to a jury, and at the conclusion of the trial the court instructed the jury to return their verdict in favor of the defendants. Plaintiff filed a motion for a new trial, and this motion was sustained. From this ruling of the court sustaining the motion for a new trial, defendants appeal. Affirmed.

W. F. Evans, R. A. Kleinschmidt, J. H. Grant, and Herman S. Davis, for plaintiffs in error.

Geo. E. Rider and E. S. Hurt, for defendant in error.

MILLER, J. This was an action commenced in the district court of Marshall county on December 10, 1914, by Ottoe Wilson, a minor of the age of seven years, by

C. G. Wilson, his father and next friend, as plaintiff, against James W. Lusk, W. C. Nixon, and W. B. Biddle, receivers of the St. Louis & San Francisco Railway Company, a corporation, as defendants, to recover damages for personal injuries sustained by the said Ottoe Wilson because of the negligence of the said defendants.

The petition sets up the following state of facts: That on September 10, 1914, the said Ottoe Wilson, who at said time was a child of seven years of age, was upon the premises of the said defendants at Madill, Oklahoma, near the stock pens which were located at the switch tracks of the said defendants; and that the defendants were, by their servants, agents, and employes, switching cars on said switch tracks and permitted the said Ottoe Wilson to get upon the ladder or iron rods used as steps up the side or end of one of the box cars, and the said servants, agents, and employes knew that the said Ottoe Wilson was getting on said car, but failed to prevent him from getting on said car or stop said train or cause him to get off of said car and by reason of his tender years he was incapable of exercising · judgment and discretion, and that he fell down and under the wheels of said car and one of the wheels passed over the end of each of his feet, cutting off three toes from his left foot and two toes from his right foot and otherwise injuring his feet, head, and other parts of the body, causing him to be permanently injured and crippled the remainder of his life; and asked damages in the sum of $3,000.

The defendants filed an answer consisting of a general denial and a plea of contributory negligence. This formed the issues to be tried.

On the 5th day of December, 1916, the case came regularly on for trial and a jury was empaneled and sworn to try said cause. At the close of plaintiff's evidence, the defendants interposed a demurrer, which was by the court overruled. The defendants excepted. The defendants introduced their evidence and then asked for a peremptory instruction in favor of the defendants, which the court granted.

The jury's verdict was in favor of the defendants in accordance with the peremptory instruction. In due time the plaintiff filed his motion for a new trial on the following grounds:

"First. That said verdict is not sustained by sufficient evidence and is contrary to both the law and the evidence.

"Second. Error of law occurring at the trial and excepted to by the plaintiff.

"Third. Error of the court in granting the peremptory instruction requested by the defendants, and directing the jury to find a verdict for the defendants."

This motion was sustained and a new trial granted upon the following grounds:

"It is, therefore, by the court, ordered and adjudged that the motion of plaintiff for new trial be and the same is hereby sustained, and the verdict and judgment heretofore rendered is set aside upon the pure, simple, and unmixed question of law; that the court erred in holding that under the law and undisputed evidence, the plaintiff was not entitled to recover and in directing a verdict for the defendants upon that ground."

The defendants duly excepted, and thereafter perfected this appeal.

The parties in briefing the case have designated the plaintiff and defendants as they appeared in the court below; for convenience and to avoid confusion, we will refer to them in the same manner.

The defendants set up the following grounds in their petition in error:

"I. Said court erred in setting aside the verdict and judgment in favor of plaintiffs in error and in granting a new trial in said cause.

"II. Said court erred with respect to a pure, simple, and unmixed question of law in granting defendant in error a new trial in said cause, but for which error, the ruling of said court would not have been made.

"III. Said court erred with respect to a pure, simple, and unmixed question of law in holding that under the undisputed evidence plaintiff had proved a cause of action and was entitled to have same submitted to the jury, and in granting a new trial based upon that ground."

Defendants in their brief then say:

"While there are three distinct assignments of error, we shall consider them together, as there is only one question involved in this case, and that is: Did the court err in granting a new trial in this case?

"In presenting this question to the court, we are not unmindful of the rule that obtains in Oklahoma, to wit: That the granting of a new trial rests largely in the discretion of the trial judge, and his ruling thereon will not be disturbed unless it involves a pure, simple, and unmixed question of law. The only question involved in this case is one of law. We concede that if there is any evidence in this record tending to show negligence upon the part of the defendant, then there was no error in the action of the court in granting a new trial, and for the purpose of this brief, we are presenting it upon the theory that there was no evidence offered upon the part of plaintiff tending to show negligence upon the part of the defendant.

"While the Constitution of Oklahoma provides that, in all actions the question of contributory negligence is a question of fact

to be submitted to the jury, yet the question of whether there is any primary negligence shown upon the part of the defendant is a question of law to be determined by the trial judge. Therefore, as the evidence in this record discloses no negligence upon the part of the defendant, there was nothing to be submitted to the jury, and the action of the court in granting a new trial constitutes error.

"That the question of primary negligence, where the evidence is undisputed, is one of law for the court, was settled in the case of Phoenix Printing Company v. Durham, 32 Okla. 575, 122 Pac. 708. In that case it was contended on behalf of the plaintiff that inasmuch as the question of contributory negligence was made one of fact for the jury under the provision of our Constitution, the question of primary negligence was likewise one of fact, and that the court could not in any case withdraw that question from the consideration of the jury. That contention was sustained by the trial court, but upon an appeal the judgment was reversed and the contention of the plaintiff was overruled.

"After recognizing the binding provision of our Constitution in reference to the submission to the jury of the defense of contributory negligence, the court said: 'The law, however, does not require the primary question of the defendant's negligence to be submitted to the jury unless the evidence reasonably tends to support plaintiff's burden of proof on this subject. If the evidence reasonably tends to show that the defendant is negligent, then these defenses must be submitted to the jury. But until the evidence reasonably tends to show negligence on the part of the defendant, there is no issue which should go to the jury.'"

Defendants then quote from and cite the following cases in support of the above proposition: Chicago, R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Faurot v. Oklahoma City Wholesale Gro. Co., 21 Okla. 104, 95 Pac. 463; Rogers v. C., R. I. & P. R. Co., 32 Okla. 109, 120 Pac. 1093.

Defendants quote from and cite a large list of cases known as the Turn Table Cases, as follows: Sioux City & P. R. Co. v. Stout, 17 Wall. (U. S.) 684; Daniels v. N. T. & N. E. R. Co., 154 Mass. 349, 28 N. E. 284; Frost v. Eastern R. Co., 64 N. H. 220, 9 Atl. 790; Walsh v. Fitchburg R. Co., 145 N. Y. 301, 39 N. E. 1068; Delaware, etc., R. Co. v. Reich, 61 N. J. Law, 635, 40 Atl. 682; Ritz v. Wheeling, 45 W. Va. 262, 43 L. R. A. 149; Walker v. P. F. & P. R. Co., 105 Va. 226; Thompson v. B. & O. R. Co., 218 Pa. St. 444; W. & L. E. R. Co. v. Harvey, 77 Ohio St. 235; Bottum's Adm'r v. Hawks (Vt.) 79 Atl. 858, 35 L. R. A. (N. S.) 440; Jefferson v. B. Ry. & E. Co., 116 Ala. 300, 38 L. R. A. 458; Rushenburg v. St. L., I. M. & S. Ry. Co. (Mo.) 19 S. W. 216; Barney v. H. & St. J. R. Co., 126 Mo. 385,

28 S. W. 1069; Catlett v. St. L., I. M. & S. R. Co. (Ark.) 21 S. W. 1062; Underwood v. W. & A. R. Co., 105 Ga. 48, 31 S. E. 123; A., T. & S. F. Ry. Co. v. Plasket (Kan.) 27 Pac. 824; Wilson v. A., T. & S. F. Ry. Co. (Kan.) 71 Pac. 282; C. & C. R. T. & B. Co. v. Mulvey (Ky.) 120 S. W. 129, 26 L. R. A. (N. S.) 204; L. & N. R. R. Co. v. Ray, 124 Tenn. 858, 25 Am. & Eng. Ann. Cas. 910; Swartwood's Guardian v. L. & N. R. Co. (Ky.) 111 S. W. 105, 19 L. R. A. (N. S.) 1112; Ferguson v. Railroad Co., 75 Ga. 637.

As this case will have to be sent back for a new trial, we refrain from discussing the evidence. There being sufficient evidence to submit the question of negligence to the jury, under the authority of Chicago, R. I. & P. R. Co. v. Wright, 62 Okla. 134, 161 Pac. 1070, it should have been submitted.

"A child nine years of age was injured by hot water, steam, and hot mud emitted from a metal pipe, said pipe being 3 1-2 or 4 inches in diameter, attached to a stationary engine and extending out of the building in which it is located, and the end of the pipe was unguarded and unprotected. Whether the premises whereon the same is located was sufficiently attractive to allure children to the danger, and whether the pipe, in the position and manner in which it was left, was dangerous, and whether left in a dangerous condition in an attractive place known to be frequented by children, and whether the situation was such as to suggest to the railway company the probability of accident, and whether the defendant was negligent, presented a question of fact for the consideration of the jury.

"It is not error to submit to the jury the question of contributory negligence, permitting the jury to take into consideration the age, experience, and maturity of the child, or that a child under seven years of age is not guilty of contributory negligence, or that a child between seven and 14 years of age is not presumed to be guilty of more than technical trespass as affecting the question of duty of the defendant in respect to the dangerous condition of the premises." Chicago, R. I. & P. R. Co. v. Wright, 62 Okla. 134, 161 Pac. 1070.

The trial court evidently committed error in giving the peremptory instruction, and this error was corrected by sustaining the motion for a new trial.

The same judge passed on the motion for new trial who presided at the trial of the case, and he was in better position to know whether or not the losing party had had a fair trial and his rights legally adjudicated. When a new trial has been granted by the same judge who presided at the trial of the case, this court will require a stronger case before it will interfere with the order

of the trial court granting the new trial than when a new trial has been refused.

Perhaps the leading case on this question in Oklahoma is Ten Cate v. Sharp, 8 Okla. 300, 57 Pac. 645:

"Where the verdict of a jury is founded upon the testimony of one witness, who was directly contradicted by another, and the trial court sets the verdict aside, the Supreme Court will not reverse the decision or order of the trial court granting a new trial, and when a new trial is granted, the Supreme Court will only interfere when the trial court misapplies or mistakes a well-settled principle of law or obviously abuses its discretion; and new trials are favored, instead of being disfavored, where any question can arise as to the correctness of the verdict.

"This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial.

"The judge of a trial court has the opportunity to observe the errors or mistakes which may have intervened during the original trial and he has a better opportunity than this court of determining whether injustice may have been done to the losing party, who asks for a new trial, and it is better that the winning party should rely upon a new trial than to bring the case to the Supreme Court, which cannot have an equal opportunity with the trial court in concluding whether or not complete and full justice was done to the losing party in the cause." Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982.

In the case of Sipes v. Dickinson, 39 Okla. 740, 136 Pac. 761, the opinion cites a large number of cases from Oklahoma and Kansas, which cases support this rule therein laid down as follows:

"The condition upon which this court will reverse an order of a trial court granting a new trial is well settled to be that such ruling will not be set aside unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made."

In the case of the St. Louis & S. F. R. Co. v. Fisher, 37 Okla. 751, 133 Pac. 41, Harrison. C., made a very exhaustive list of the authorities on this question, all of which support the law as laid down in that case:

"Where, in passing on a motion for new trial, it is necessary for the trial court to pass upon conflicting testimony as to a controverted question of fact in order to determine whether, under the law, the movant is entitled to a new trial, is granted, the order will not be reversed by this court unless there appears a clear abuse of discretion or misapplication of law."

This question is so well settled in this jurisdiction that it is needless to list additional authorities.

The order of the district court of Marshall county, granting the plaintiff a new trial, is affirmed and this case remanded, with directions to proceed with the trial of said cause.

PITCHFORD, V. C. J., and KANE, JOHNSON, McNEILL, and NICHOLSON, JJ., concur. KENNAMER, J., having been of counsel, not participating.