**HUBBARD BANKING CO. v. KOETSCH, Adm'x.**

No. 14247—Opinion Filed Feb. 5, 1924.

Rehearing Denied March 3, 1924.

Second Rehearing Denied Jan. 2, 1925.

**Trial—Province of Jury—Credibility of Witnesses.**

While the jury are the sole judges of the credibility of the witnesses, yet they will not be allowed capriciously to disregard the positive, uncontradicted, and unimpeached testimony of witnesses; unless the physical facts of the circumstances surrounding the transaction contradict the positive testimony, or the positive testimony is inherently improbable.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County; Hal Johnson, Judge.

Action by the Hubbard Banking Company against Marie Koetsch, administratrix. Judgment for defendant, and plaintiff brings error. Reversed.

Dale & Bierer, for plaintiff in error.

Thos. A. Higgins and John Adams, for defendant in error.

Opinion by JARMAN, C. Mary E. Hart, who formerly lived in Ohio, died in Logan county, Okla., on January 27, 1919; on March 31, 1919, letters testamentary were issued by the county court of Logan county to Marie E. Koetsch as administratrix with the will annexed of Mary E. Hart, deceased; on March 31, 1919, said administratrix caused due notice to be given to the creditors of said deceased to present their claims within four months from that date; on January 9, 1920, the Hubbard Banking Company presented a proof of claim, containing a copy of a note, for the principal sum of $3,000, dated January 18, 1913, with interest at eight per cent. from maturity and due in five months, payable to the Hubbard Banking Company of Hubbard, Ohio, and purported to be signed by Florence N. Weirick and Mary E. Hart, as makers. Said claim was disallowed by the administratrix on January 9, 1920. On February 6, 1920, the Hubbard Banking Company, hereinafter referred to as plaintiff, filed suit against Marie E. Koetsch, administratrix with the will annexed of Mary E. Hart, deceased, hereinafter referred to as defendant, for the purpose of establishing its claim against the estate of said deceased based upon said note.

For answer the defendant alleges that:

"* * * She is not informed as to whether said deceased, Mary E. Hart, in her lifetime made, executed and delivered to plaintiff the promissory note set out in plaintiff's petition, and is not informed of the truth of the allegation of such execution and, therefore, denies the allegation of the execution of said note and asks that said plaintiff be held to strictly prove the same."

The defendant, for further answer, pleaded that the plaintiff's cause of action, based on said note, is barred by the statute of limitations, for the reason that said action was not brought within five years from the time the cause of action accrued, which was on November 18, 1913. The defendant further pleaded that the plaintiff is barred from maintaining said action for the reason that the claim, based upon said note, was not presented to the defendant within four months from the first publication of notice to creditors to present their claims.

Plaintiff filed a reply, alleging that the deceased had been out of the state of Oklahoma for a considerable portion of the time after the note matured, and that such suit was filed within the five years that the deceased was in the state after the maturity of the note, and, therefore, the cause of action was not barred; and the plaintiff further alleges that said cause of action was not barred for the reason that suit was filed within five years after certain payments had been made on the note. The plaintiff further alleged in its reply that it was a resident of the state of Ohio and that it had no knowledge of the notice to creditors having been given until after the time designated therein for claims to be presented had expired, and, therefore, under section 1234, Comp. Stat. 1921, no decree of distribution having been made, the plaintiff was not barred from maintaining said action.

The cause was submitted to a jury, who returned a general verdict for the defendant, and, also made and returned a negative answer to the special question submitted to them: "Did Mary E. Hart execute the note in suit in this case?"

On this verdict, the court rendered judgment in favor of the defendant, from which the plaintiff brings error.

It is clear that the verdict of the jury was based upon the finding that the note in question was not executed by the deceased. There is only one question presented on appeal and that is whether the verdict of the jury is supported by the evidence, which requires a full examination of the record. To support the allegation that the note in question was executed

by the deceased, the plaintiff introduced the following witnesses:

Fred W. Green, who had known the deceased since 1900, and roomed at her house for a number of years and was well acquainted with her handwriting and her signature; and Ned Holman, who has been actively engaged in the banking business at Guthrie since 1902, and knew the signature of the deceased; and Eva M. Stark, who had known Mrs. Hart since 1914, and was well acquainted with her handwriting, and knew her signature, and was a witness to her will and saw Mrs. Hart sign said will; and George Tipton, cashier of the First National Bank of Guthrie, who was well acquainted with the signature and handwriting of the deceased, and saw her sign her name to a signature card at the bank; and Florence N. Weirick of Hubbard, Ohio, who had known the deceased since 1884, and lived in her home from 1886 to 1907, and had seen her write her name on numerous occasions, and was familiar with her signature; and A. J. Mayers, president of the Hubbard Banking Company, who was acquainted with the signature and handwriting of the deceased—all testified, positively, that the signature to said note was made by the deceased. In addition to this evidence, expert witnesses were introduced by the plaintiff, who testified that, in their opinion, the signature of Mary E. Hart on the note was genuine.

Said note was submitted to the jury and they were permitted to examine said signature in connection with admitted signatures of the deceased. There was no evidence produced by the defendant to contradict the testimony of the foregoing witnesses. Photographic copies of the note, showing the signature under consideration, and of the will, showing the admitted signature, are attached to and made a part of the case-made, and the originals were produced before the court during the oral argument, and the same do not contradict the testimony of the witnesses that the signature to the note was made by Mary E. Hart, deceased.

The defendant contends that, inasmuch as this was a disputed signature, the jury, being the triers of the facts, had a right to make up their mind and render a verdict based upon their conclusion, drawn from a comparison of the signature on the note with admitted signatures of the deceased. As to whether this is a disputed signature, under the record, it is not necessary to decide, for the rule that applies here is the one that is quoted, with favor, by this court in the case of C., R. I. & P. Ry. Co. v. Owens, 78 Okla.

114, 116, 189 Pac. 171, at page 1774, as follows:

" 'While the fact that the jury are the sole judges of the credibility of the witness is universally recognized (and they are not bound by the mere swearing of the witnesses), it is equally well established that they will not be allowed capriciously to disregard the unimpeached and uncontradicted testimony of witnesses.' Newton v. Pope. 1 Cow. (N. Y.) 109; Engmann v. Estate of Immel. 59 Wis. 249, 18 N. W. 182; Lewis v. N. Y. Ry. Co., 50 Misc. Rep. 539, 99 N. Y. Supp. 462; Kelly v. Jackson, 6. Pet. 622, 8 L. Ed. 523."

In commenting further on this question, the court, in the body of the opinion in the case of C., R. I. & P. Ry. v. Owens, supra, uses the following language:

"The general rule is, where the testimony is positive upon a certain state of facts, the jury cannot capriciously disregard the same. The exception to the rule is, where the physical facts, and the circumstances surrounding the transaction tends to contradict the positive testimony, or the positive testimony is inherently improbable, then it becomes a question for the jury."

Just because the jury are the triers of the facts, they are not authorized to return a verdict ignoring the positive evidence which is uncontradicted. The rule that the verdict of the jury will not be disturbed on appeal when there is any evidence reasonably tending to support the same is not applicable here, for the reason that there is no evidence in this case to support the verdict of the jury.

Under the evidence in this case, the verdict should have been for the plaintiff, on the issue of the execution of said note, and inasmuch as the question of whether the plaintiff's cause of action is barred by the statute of limitations, and the question of whether the plaintiff is barred from maintaining this action, have not been passed upon, the judgment of the trial court is reversed, with instructions to grant a new trial as to these two issues.

By the Court: It is so ordered.