## MARLAND REFINING CO. v. SNIDER, Adm'r.

No. 16070.  Opinion Filed June 28, 1927.

(Syllabus.)

1. Evidence — Circumstantial Evidence — Weight and Sufficiency.

Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury.

2. Appeal and Error—Questions of Fact—Conclusiveness of Verdict on Conflicting Evidence.

The jury is the sole judge of the credibility of the witnesses and of the weight of the evidence, and where positive evidence has been introduced to disprove a certain state of facts and no direct evidence has been introduced to rebut the same, yet the physical facts and circumstances tend to contradict such evidence, and the testimony when taken together with the physical facts and circumstances is of such a nature that men of ordinary intelligence might draw different conclusions therefrom, the verdict of the jury, based upon such physical facts and circumstances and contrary to the positive evidence, will not be disturbed on appeal.

3. Death—Damages—Recovery of $16,000 for Negligent Death not Excessive.

Record examined, and held, judgment for $16 000 for damages by loss of life is not excessive.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by L. R. Snider, administrator of the estate of Dona Bell Wininger, deceased, against the Marland Refining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. W. King, H. E. Oakes, W. K. Moore, and Womack, Brown & Cund, for plaintiff in error.

Wilkinson & Saye, for defendant in error.

RILEY, J. This is an appeal from the judgment of the district court of Stephens county, wherein L. R. Snider, administrator of the estate of Dona Bell Wininger, deceased, was plaintiff and the Marland Refining Company, a corporation, was defendant.

The cause of action is based upon damages in the loss of life of Dona Bell Wininger, alleged to have been caused by an explosion resulting from the use of a high explosive liquid sold by the defendant below as first grade kerosene. The Farmers' Exchange Store of Duncan, a retailer, purchased 53 gallons of "first grade kerosene" from the defendant, a manufacturer and wholesale dealer of kerosene, oil and gasoline. The defendant company delivered 53 gallons of liquid to the retailer in compliance with its order for kerosene for sale to the public. Two gallons of the liquid was purchased from the retailer as first grade kerosene and taken to the home of deceased, who was fatally burned, as alleged by plaintiff, while building a fire in the cook stove with the use of said liquid. The cause was submitted to

a jury, and a judgment rendered upon the verdict in the sum of $16,000.

Attention is called to the fact, and this court will take judicial notice of cause No. 15659, between the same parties, wherein on February 9, 1926, this court rendered an opinion affirming a judgment of the same lower court growing out of the same facts and circumstances and based upon conscious pain and suffering of the deceased and allowing a recovery in that action in the sum of $5,000 by ordering a remittitur in like amount. Many of the contentions made for reversal here were there made, and reference is made to that opinion reported at 120 Okla. 116, 251 Pac. 989.

The first contention of plaintiff in error is that the trial court erred in refusing to sustain defendant's demurrer to plaintiff's evidence and refusing to instruct the jury to render a verdict in favor of defendant.

It is asserted, and properly so, that the burden of proof was upon the plaintiff to establish by a preponderance of the evidence: (1) The negligent mixture by defendant of kerosene with gasoline, or other volatile substance, prior to its delivery to the Farmers' Exchange Store; (2) that kerosene used by decedent in kindling the fire was a portion of that purchased by Volney Snider from the Farmers' Exchange Store.

It is asserted that there is no evidence to establish these two facts, the elements of primary negligence as alleged, and it is urged that to consider the factum of the two elements being established is to base a presumption upon a presumption; i. e., that by circumstantial evidence, it is established that the defendant negligently sold as pure kerosene, an explosive or adulterated oil, and that even then there is another necessary prerequisite to be established, to wit, that the deceased used this identical liquid.

It is said that to establish a fact by circumstantial evidence, known facts must be the basis for the theory. C., R. I. & P. Ry. Co. v. Rhodes (Kan.) 68 Pac. 58; Douglas v. Mitchell's Executors, 35 Pa. 443; Duncan v. A., T. & S. F. Ry. Co. (Kan.) 119 Pac. 356.

The contention of plaintiff in error is untenable, for the reason that the fact was established that defendant below sold "kerosene" to the Farmers' Exchange Store and placed it in its tank; that a portion of the same was sold to Volney Snider and taken to the Snider residence; that at the time deceased started the fire the oil so purchased

was the only oil or gasoline on the Snider premises; that decedent was building a fire; that the can containing the two gallons of oil so purchased was found in the ruins in the part of the building where the kitchen and stove were situated; that this can had the bottom blown or torn out of it; that an explosion occurred; that a portion of the oil remaining in the tank of the Farmers' Exchange Store the next morning was tested at the request of defendant company and shown to be a mixture of gasoline and kerosene, and highly explosive. These facts were by direct testimony.

We think the inference proper from the record that the kerosene was mixed with gasoline by defendant's agents prior to the time it was placed in the tank of the retailer, and that the decedent used the mixture in building a fire at the time of the explosion.

In line with the reasoning in Waters-Pierce Oil Co. v. Deselms, 18 Okla. 107, 89 Pac. 212, we think that where a known agency is known to exist, which is sufficient and liable to produce the result complained of, and is traced to a position in which it might produce such result, and the result has been produced, and there was no other known agency at that point capable of producing such result, a strong inference is raised that such known agency was the proximate cause of the injury that follows, and that the instant case exhibits such a condition.

It is urged that coals of fire caused the gas to form resulting in the explosion, but the fact is, by positive evidence shown in the record, that the previous attempt to start the fire by the children, prior to the acts of the deceased, were unsuccessful, and that no fire or coals were present.

Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not arise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury. C., R. I. & P. Ry. Co. v. Wood, 66 Kan. 613. 72 Pac. 215; M., K. & T. Ry. Co. v. Simerly, 72 Okla. 251, 180 Pac. 551.

We think the trial court properly overruled defendant's demurrer to the plaintiff's evidence, and that the verdict based in part upon inferences assumed from circumstantial evidence is binding where the inference assumed is a reasonable one, although not a necessary one.

It is next contended that "circumstantial evidence should not be permitted to over-

come clear, positive, direct, unimpeached and uncontradicted evidence, where the physical facts or circumstances surrounding the transaction are not such as to contradict the positive testimony, or unless the positive testimony is inherently improbable."

This is a strong statement drawn from the fact that witness for defendant testified positively that the kerosene delivered to the store was not mixed with gasoline; that the same was first grade kerosene meeting the requirements of law as shown by the test of the same made by the official inspector of the state. But there was evidence on the part of Spivey and Cooper tending to impeach that of defendant's witnesses Wallace and McKay as to the manner in which kerosene and gasoline were handled after original inspection. Witness Wallace testified on cross-examination that the tank wagon used later exploded when both kerosene and gasoline compartments were used for gasoline.

We think the testimony of the defendant's witnesses was contradicted by facts and circumstances, and that the statement of plaintiff in error's contention, while a correct exposition of the law covered (Hubbard Banking Co. v. Koetsch, 105 Okla. 227, 231 Pac. 207), in its statement of the law outstrips the facts applicable.

The jury is the sole judge of the credibility of the witnesses and of the weight of the evidence, and where positive evidence has been introduced to disprove a certain state of facts and no direct evidence has been introduced to rebut the same, yet the physical facts and circumstances tend to contradict such evidence, and the testimony when taken together with the physical facts and circumstances is of such a nature that men of ordinary intelligence might draw different conclusions therefrom, the verdict of the jury, based upon such physical facts and circumstances and contrary to the positive evidence, will not be disturbed on appeal. Reed v. Scott, 50 Okla. 757, 151 Pac. 484.

The plaintiff in error next contends that the evidence is equally consistent with the theory that the explosion was caused by the negligence of deceased in pouring kerosene on live coals as it is with the negligence of defendant in selling mixed gasoline, and that for this reason the verdict of the jury should not be permitted to stand.

It is not the rule in this jurisdiction in civil cases that circumstantial evidence to be sufficient to sustain a verdict must be not only consistent with the facts sought to be proved, but also inconsistent with any other reasonable hypothesis. It is not necessary that the proof rise to that degree of certainty which will exclude every other reasonable conclusion than the one reached by the jury. M., K. & T. Ry. Co. v. Simerly, supra.

"Where a cause is submitted to a jury, they are the triers of the facts, and it is not the province of the appellate court to weigh the evidence; and, if there is any evidence in the record reasonably tending to support the verdict and judgment, and no substantial error appears upon the trial, the judgment should not be disturbed on appeal." Kugler v. White, 91 Okla. 130, 216 Pac. 903.

The question as to whether there were live coals in the stove at the time at most could only be a question of fact for the jury (to say the most, it was a controverted point), and this upon the theory of contributory negligence. The court under the record could not say that there were live coals in the stove, and if the court could do so, even then the court could not say that such a fact or circumstance did or did not constitute contributory negligence in view of our Constitution. Williams' Ann. Const., article 23, par. 6; W. F. & N. W. Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209; Lusk v. Wilson, 81 Okla. 152, 197 Pac. 156.

The question of contributory negligence was properly submitted to the jury. We cannot sustain plaintiff in error's contention.

Objection is made to the action of the court in refusing to give requested instruction No. 4. It is admitted that instruction No. 14, given, covers the first paragraph of the requested instruction. We think the instruction given fairly covered the subject of the measure of damages under section 5996, Compiled Oklahoma Statutes, 1921. The instruction given limits the recovery to the pecuniary benefits which the husband might reasonably have expected from a continuance of the life of the deceased and based upon the wife's services, less the cost of her proper maintenance. The requested instruction was properly refused.

It is next contended that the verdict is excessive and rendered under the influence of passion and prejudice.

The amount of the judgment rendered is not so excessive as to shock the conscience of the court. The deceased performed the duties of a housewife, and the damage is confined to pecuniary loss. At the time of her death she was 18 years of age, and mortality tables were introduced in evidence showing her expectancy.

In Nelson v. Lakeshore & M. S. R. Co., 104

Mich. 591, 62 N. W. 996, the following language was used:

"As respects the damages, while they cannot, under the statute, exceed the pecuniary loss sustained. I do not understand that such pecuniary loss is only such as follows from the discontinuance of contributions in money. The majority, at least, of wives are not engaged in independent vocations. A farmer's wife has no separate income. A mechanic's wife, who single-handed manages the home and performs the household duties, contributes no money to her husband's support. It cannot be said in either case that the value of the service rendered is not susceptible of measurement in dollars and cents. The instances in which the wife does not, in the ordinary conduct of the household, perform some service which might be performed by a servant are rare; and the cases where, even if no menial service be performed by her, she does not superintend, manage, and direct the affairs of the household, are rarer still; and to say that the loss of such service is not a pecuniary loss would be equivalent to saying that the services of a manager of affairs are incapable of pecuniary measurement. * * * Certainly the service of a wife is pecuniarily more valuable than that of a mere hireling. The frugality, industry, usefulness, attention and tender solicitude of a wife and the mother of children surely make her services greater than those of an ordinary servant, and therefore worth more. These elements are not to be excluded from the consideration of a jury in making a mere money estimate of value."

The judgment of the trial court is affirmed.

Our attention is called to the fact that a supersedeas bond has been filed by the Union Indemnity Company as surety, and a certified copy of the bond is found in the record, and judgment is rendered against the defendant surety on its supersedeas bond for the amount of the judgment, interest, and cost, as per journal entry.

BRANSON, C. J., MASON, V. C. J., and HARRISON. PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

HEFNER, J., absent, not participating.