## WHITE v. ROACH et al.

No. 21362.    Sept. 26, 1933.

R. L. Foster, R. B. F. Hummer, Hummer & Foster, and M. R. Lively, for plaintiff in error.

McCrory & Monk, A. L. Beckett, and Allen & Jarman, for defendants in error.

RILEY, C. J. This is an appeal from a judgment in favor of defendants in error in an action to recover on six promissory notes. The trial court instructed a verdict for defendants, and plaintiff appeals.

The execution of the notes sued upon was admitted. The defense was that the notes involved were executed to the First National Bank of Henryetta, upon condition and with the express understanding and agreement that said bank would, without delay, prosecute to final judgment an action, then pending, brought by it against the B. & A. Mining Company, W. B. Kincaid, Kellie M. Roach, and John W. Hammond, and assign the judgment so obtained to defendant Kellie M. Roach, and that the bank wholly failed in its promise and agreement and refused to comply therewith, and that by reason thereof the consideration for the notes here involved had wholly failed.

It appears from the record that on December 31, 1921, the B. & A. Mining Com-

pany executed and delivered its promissory note in the sum of $3,080 to W. B. Kincaid and Kellie M. Roach. This note was indorsed to the First National Bank of Henryetta, and was signed, "B. & A. Mining Company, by John W. Hammond, President". Suit had been commenced July 12, .1922, on this note against the maker and indorsers, and also against John W. Hammond, personally. The notes here sued upon were given on April 14, 1923. On July 23, 1923, the bank was declared insolvent. Thereafter a receiver was appointed, and the affairs of said bank were wound up. In 1925, the notes here sued upon, together with other assets of the bank, were sold by the receiver to a committee, apparently as trustees for certain of the creditors. Thereafter plaintiff herein commenced an action against said trustees, claiming an interest in the assets so sold. In settlement of said suit, the notes here involved were transferred to plaintiff, Otis White. Suit had been commenced by the bank on these notes on March 4, 1924, and was dismissed without prejudice June 19, 1927.

The action commenced by the bank on the note of the B. & A. Mining Company above mentioned was never prosecuted to final judgment by the bank and has never been dismissed. Who became the owner of the note and the cause of action represented thereby does not appear.

Plaintiff, of course, does not claim as an innocent purchaser, and concedes that if the sole consideration for the notes was the promise and agreement of the bank pleaded by defendants, and if the evidence establishes that fact, the court was right in directing the verdict for defendants, and that the question in this case is the sufficiency of the evidence to justify an instructed verdict for defendants.

The only evidence produced by plaintiff was the notes themselves and his ownership thereof. The execution of the notes being admitted and plaintiff having established his ownership thereof, the burden was upon defendants to establish their defense. Both defendants testified positively that they received no money or other thing of value for the execution of said notes, and testified positively that the transaction was had with one Walter Wilson, who was president or vice president of the bank; that Kellie M. Roach indorsed the note of the B. & A. Mining Company, and that suit had been commenced on that note; that Mr. Wilson called Roach and Hammond into the bank and explained to them

that the Bank Commissioner was, perhaps, objecting to the paper as being past due and the suit pending and wanted them to give the bank new notes; that Roach, being an indorser, explained to him that it was very important for him that the suit then pending be prosecuted to judgment, in order that he might be protected as such indorser. Thereupon Wilson agreed to prosecute the suit to final judgment and assign the judgment to Roach. With that understanding and upon that promise and for no other consideration or promise, the notes were executed and delivered to the bank in the aggregate amount of the B. & A. Mining Company note, less $80 which Roach paid. This positive evidence of defendants in support of their defense stands undenied and undisputed. Wilson was not produced as a witness, and his absence is not accounted for.

Plaintiff contends that, notwithstanding the undisputed evidence of the defendants, the question should have been submitted to the jury. In support of this contention he cites Abbott v. Dingus, 44 Okla. 567, 145 P. 365, and cases therein cited; the rule announced being:

"It is only when the evidence, with all the inferences the jury could justifiably draw from it, will be insufficient to support a verdict for plaintiff that the court is authorized to direct a verdict for defendants; and, unless the conclusion follows as a matter of law that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury, under proper instructions."

He also cites Moore v. First Nat. Bk. of Iowa, 30 Okla. 623, 121 P. 626, wherein it is held:

"Where the only testimony upon a material issue is that of an interested party and such testimony is inconsistent or contradictory and the replies to questions are evasive and unreasonable, and where the jury may draw inferences therefrom unfavorable to plaintiff or defendant, as the case may be, the court should never direct a verdict, but should submit to the jury all controverted questions of fact under proper instructions."

There are many other cases to the same effect in this state. With the rules announced therein we find no fault. Although both defendants were interested witnesses, we find no such inconsistency, contradictions, evasions, or unreasonableness in their testimony as would permit a jury to draw such inferences therefrom un-

favorable to them sufficient to justify and support a verdict against them. The only contradictions contended for by plaintiff in the testimony of defendant Roach is wherein he says that the promise and agreement on the part of the bank was the sole consideration for the execution and delivery of the notes, whereas in his answer filed in the action of the bank against him on said notes, which was subsequently dismissed, he alleged that these promises and agreement were part of the consideration. No other consideration is shown or contended for, except plaintiff argues that these notes must have been given in whole or in part as renewals of the original B. & A. Mining Company note, or at least the jury would have been justified in drawing an inference to that effect. In this connection it is significant that the B. & A. note was never surrendered or returned to the makers, nor was it delivered to either Roach or Hammond. The action which the bank had commenced thereon had never been dismissed. The note is not accounted for and is still outstanding so far as this record shows.

There is evidence tending to show, at the time the notes here in action were given the B. & A. Mining Company had assets sufficient to pay its notes, and that had the bank proceeded promptly with the suit and prosecuted the same to judgment and assigned the judgment to Roach, he could have realized enough on the judgment to pay off all the notes without loss to himself or the bank.

In Hubbard Banking Co. v. Koetsch, 105 Okla. 227, 231 P. 207, it is held:

"While the jury are the sole judges of the credibility of the witnesses, yet they will not be allowed capriciously to disregard the positive, uncontradicted and unimpeached testimony of witnesses; unless the physical facts or the circumstances surrounding the transaction contradict the positive testimony, or the positive testimony is inherently improbable."

In C., R. I. & P. Ry. Co. v. Owens, 78 Okla. 114, 189 P. 171, after pointing out what is there said to be the general rule and the exceptions thereto where the evidence is uncontradicted, the court says:

"The general rule is, where the testimony is positive upon a certain state of facts, the jury cannot capriciously disregard the same. The exception to the rule is, where the physical facts and circumstances surrounding the transaction tend to contradict the positive testimony, or the positive testimony is inherently improbable, then it becomes a question for the jury."

The trial judge apparently gave the question very careful consideration. He was apparently unable to find anything in the physical facts, or the circumstances surrounding the transaction, tending to contradict the positive testimony of the two defendants, nor anything therein inherently improbable.

After careful consideration and review of all the evidence, the facts and circumstances, the trial court directed a verdict for defendants.

In this there was no error, and the judgment is affirmed.

SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and BUSBY, JJ., absent.