**ANDERSON, Adm'r, et al. v. STATE ex rel. KING, Atty. Gen.**

No. 25167.   April 2, 1935.

Rehearing Denied April 23, 1935.

588

Brown Moore and R. J. Shive, for plaintiffs in error.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for defendant in error.

PER CURIAM. This is an original condemnation proceeding instituted by the State Highway Commission to assess damages for land of defendants taken for a public highway. Viewers were regularly appointed and damages were assessed in the sum of $1,700, covering the value of 11 3/4 acres of land actually taken in the construction of the highway diagonally across the farm of defendants, and for the resultant damage to the remainder of the farm. It appears that the original owner of the land subsequently died leaving a number of heirs at law. Certain of these heirs, representing an undivided 7/24ths interest, subsequently settled on the basis of the award; the other heirs, representing an undivided 17/24ths interest in the land, appealed from the award to the district court. Upon trial, a jury assessed their damages at $2,400 and returned a verdict accordingly. The evidence as to the value of the land actually taken, and as to the consequent detriment to the farm, is very conflicting, and it does not appear on what basis the jury assessed this amount of damages covering the interests involved. However, the instructions of the trial court were fair and impartial, and the jury was properly instructed as to the damages covering the 17/24ths interest. Inasmuch as the jury assessed these damages in the lump sum of $2,400, which was supposed to represent a 17/24ths interest, whereas the commissioners had awarded $1,700, which represented the whole interest, it would appear that the jury confused these interests, although the proceeding was de novo and had nothing to do with the prior award. However, having knowledge of the commissioners' award of $1,700, it would appear that in returning a verdict for $2,400, they /were considering the whole interest involved, rather than a 17/24ths interest upon consideration. This is the only reasonable explanation of such a verdict.

However that may be, the trial court thereupon directed the county attorney to move for a new trial. This was objected to by the defendants below, but that issue is not raised here, and the Attorney General is defending this appeal on the part of the state of Oklahoma. The trial court also directed a remittitur of all the judgment above the sum of $1,366.86, which the defendants below refused to accept. It does not appear on what exact figures the trial judge directed this remittitur (probably also based on the commissioners' award), but upon its being refused, the trial judge on his own volition granted the motion of the county attorney for a new trial, presumably on the ground that an excessive or mistaken judgment had been rendered.

From this order of the trial judge, the defendants below have appealed, assigning the one assignment of error, to wit, that the court erred in granting a new trial. The defendants below appear here as plaintiffs in error seeking to have the order for a new trial reversed and judgment entered for the amount of the jury verdict of $2,400.

We recognize the well-established rule that the trial judge has great discretion in granting or refusing new trials.

We further recognize the rule that a verdict of a jury should not be disturbed unless undue passion or prejudice is shown.

While no passion or prejudice is shown in this case, the verdict is incapable of being reconciled with the evidence. The trial

judge, by granting a new trial on his own volition, undoubtedly recognized that there had been a miscarriage of justice, as it does not appear that he was attempting to usurp the province of the jury. At any rate, a new trial was granted, in the wise discretion of the court, and we cannot see that thereby any rights were violated. If a new trial had been **refused,** the case would present a different aspect. As was said by this court in the case of Lusk et al. v. Wilson, 81 Okla. 152, 197 P. 156:

"When a new trial has been granted by the same judge who presided at the trial of the case, this court will require a stronger case before it will interfere with the order granting a new trial than when a new trial has been refused."

It was further said by this court in the case of Trower v. Roberts, 17 Okla. 641, 89 P. 1113:

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or a court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial, than where it is the refusal."

From the evidence in this case, we do not see wherein the trial judge exceeded his discretion in granting a new trial. It appears to us that the jury was misled in assessing these damages on some basis which represented the whole interest, whereas they were instructed to assess the damages solely as to a 17/24ths interest. This fact undoubtedly impelled the trial court to direct a remittitur to reconcile the verdict with the evidence, which, being refused, further justified him under these circumstances in making an order for a new trial as the only possible way of effecting justice.

The order of the trial court in granting a new trial is affirmed, and the case remanded for a new trial accordingly.

The Supreme Court acknowledges the aid of Attorneys Samuel H. Glassmire, Henry M. Gray, and John T. Harley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Glassmire and approved by Mr. Gray and Mr. Harley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.