ROBERTS, County Treas., v. NEWELL.

No. 29495.   Jan. 16, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 824.*

140

George R. Inglish, County Atty., and B. F. Moak, Asst. County Atty., both of Okmulgee, for plaintiff in error.

A. L. Emery, E. F. Maley, and L. A. Wallace, all of Okmulgee, for defendant in error.

HURST, J. Plaintiff, Rose Newell, is the former owner of improved real estate in the city of Okmulgee which was, on April 17, 1939, sold at resale to the county for delinquent taxes. The taxes, interest, penalties, and costs amounted to $534.40, and there being no bidder, under the law, the property was bid off in the name of the county for the full amount due. Subsequently, on July 18, 1939, the property was sold to Jack Martin at "commissioner's sale" for $85. On August 28, 1939, the plaintiff tendered to the county treasurer the amount for which the land had been sold at commissioner's sale, and demanded a redemption certificate, claiming that under the 1939 resale law (sec. 14, ch. 66, art. 31, S. L. 1939, p. 555) she had the right to redeem prior to December 1, 1939, by paying such amount. The county treasurer refused to accept the tender and issue the cer-

tificate of redemption on the ground that the law required the payment of the full amount for which the land was sold to the county at resale. Thereupon, plaintiff filed this action in the district court seeking a writ of mandamus to compel the county treasurer to issue the redemption certificate upon payment of the amount for which the land was sold at commissioner's sale, plus cost, expenses, and penalty. The trial court granted the writ, and the county treasurer brings this appeal.

The sole question presented is whether, under the 1939 resale law, the former owner of land sold to the county at resale and then subsequently sold to an individual at commissioner's sale for less than the amount for which it was sold to the county at the resale may redeem by paying the amount for which the land was sold at the commissioner's sale rather than the amount for which it was sold to the county at resale.

This involves an interpretation of section 14 of the 1939 resale act, supra, consisting of four paragraphs, as follows:

"The last record owner of any real estate sold at the 1939 tax resale, or any person having a legal or equitable interest therein, may redeem the same by paying to the county treasurer on or before the 1st day of December, 1939, the full amount paid for resale deed if sold to an individual purchaser, including costs of listing, advertising and sale, and the costs of deed and recording thereof paid by him, plus penalty and interest at the rate of one per cent. (1%) per month; and if purchased in the name of the county, the full amount for which said property was sold, plus penalty and interest at the rate of one per cent. (1%) per month; such redemption shall be evidenced by a certificate of the county treasurer, which shall recite the description of the real estate, the date of the sale, the date of the resale deed, the name of the purchaser at such resale, that the same has been redeemed, the name of the person redeeming, the amount paid for such redemption, and that such resale and resale deed is fully canceled; such certificate must be recorded in the of-

fice of the county clerk, at the cost of the person redeeming, and shall be void and of no effect unless filed for record on or before the 10th day of December, 1939."

"If such redemption is from resale to an individual, who acquired title either at resale or commissioner's sale, such redemption money shall be disposed of by the treasurer in the same manner as in the case of redemption from individual tax sale certificate; if from resale to the county, then in the same manner as money received from commissioner's sale under the terms of this act."

"Redemption under the terms of this section shall cancel such resale tax deed and revest the property so redeemed in the former owners, as fully as though no resale had been held."

"The provisions of this section shall apply only to the 1939 resale, and shall be strictly construed."

It will be observed that the first paragraph authorizes the redemption and deals with the amount to be paid for redemption in the two specified classes of cases, the contents of the redemption certificate, and the recording thereof. The Legislature throughout this paragraph has used the words "resale" and "resale deed" and has not specifically mentioned commissioner's sale. For the purpose of prescribing the amount to be paid on redemption, it has designated two classes of sales: (a) *"if sold to an individual purchaser,"* in which case the redemptioner must pay "the full amount paid for resale deed"; and (b) *"if purchased in the name of the county,"* in which case the redemptioner must pay "the full amount for which said property was sold."

The second paragraph deals with the method of disposing of the money received from the redemptioner, and retains the same classification as to 'the two types of sales designated in the first paragraph, that is, (a) "resale to an individual" and (b) "resale to the county." In providing for the disposition of the money paid for redemption "from resale to an individual," it has defined the meaning of such resale as one where the individual "acquired title either at

resale or commissioner's sale." Now it is obvious that a resale and a commissioner's sale in the ordinary sense are not identical, but the Legislature has in this paragraph given an anomalous definition to the word "resale" to include commissioner's sale. The word being so defined, it will be presumed that it was used in that same sense throughout the section. Walton v. Donnelly (1921) 83 Okla. 233, 201 P. 367; 59 C. J. 1003. Furthermore, if the term "resale," as used in the first paragraph in reference to an individual purchaser, is not construed to include a commissioner's sale, as it is used in the second paragraph, then there is no provision in the statute fixing the amount to be paid for redemption in the case of a commissioner's sale. In the case of Strawn v. Holliman, County Treas. of Carter County, 187 Okla. 142, 101 P. 2d 823, we held that under the act in question a commissioner's sale could be held during the interim between the 1939 resale and December 1st, when the right of redemption under the section expires. Therefore, we think the Legislature used the word "resale" in the same sense in both paragraphs and intended it to include a commissioner's sale.

In construing legislation of doubtful meaning it is proper to keep in mind the conditions that brought about its enactment, and the problem intended to be solved. Chicago, R. I. & P. Ry. Co. et al. v. Gist, 79 Okla. 8, 190 P. 878; 59 C. J. 1014; 25 R.C.L. 1015. It is common knowledge that due to the economic depression and the lenient policy of the tax-enforcing officers in the past, illustrated by the failure to hold resales, and the granting of extensions and remitting of penalties by the Legislature from time to time to delinquent taxpayers (see ch. 209, S. L. 1933; art. 14, ch. 66, S. L. 1935; art. 21, ch. 66, S. L. 1937), there has been a growing tendency to allow delinquent taxes to pile up against property. The Legislature, by sections 2, 15, and 16 of the act in question, has manifested its intention to require a more strict compliance with the tax laws and prompt payment of

142

taxes. This is in keeping with the meaning of the prior law as interpreted in State v. Boyett (1938) 183 Okla. 49, 80 P. 2d 201. The section under consideration gives the taxpayer one more chance. It allows him a limited time after the 1939 resale within which to redeem, a right he did not previously have. It is primarily for the benefit of the taxpayer, and it was not intended that the former owner, when redeeming, pay the purchaser a profit over and above the interest of one per cent. per month as specified.

It is also a cardinal rule of statutory construction that a section of a statute must be construed in its entirety, and effect given to every word therein whenever possible. 59 C. J. 995. The interpretation which we place upon this section is the only one that can give full effect to this principle of law. The strict construction enjoined upon us by the last paragraph cannot require us to strike from the act language which can and must be given an effective meaning if the intention of the Legislature is to be carried out.

We conclude that the intention of the Legislature, as expressed in the section, is simply this: If the property has been sold to an individual when the redemption is sought, whether at the resale or at a commissioner's sale, the former owner can redeem by paying what the purchaser paid with interest as specified, but if it was sold to the county at resale and still retained by the county when the former owner seeks to redeem, he must pay the full amount of the delinquent taxes, which in every case will represent the amount for which it was sold to the county.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur.