KOEHN et al. v. FLUMAN.

No. 30301. April 14, 1942.

Rehearing Denied June 23, 1942.

*126 P. 2d 1002.*

Wilson & Wilson, of Enid, for plaintiffs in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

HURST, J. This is an action in ejectment by the plaintiff, Mary Fluman, for possession of a lot in the city of Enid, and to quiet title thereto. The lot was sold at the 1939 tax resale to Garfield county for $290.55, the total amount due thereon. On August 17, 1939, it was sold at a county commissioners' sale to the plaintiff for $127. The sale was approved by the county commissioners on August 28, 1939, and the deed from the chairman of the board of county commissioners to the plaintiff was acknowledged, and presumably executed and delivered, on September 1, 1939. This action was commenced January 9, 1940. The defendants, H. A. Koehn and Mary Koehn, the owners, answered by a general denial and filed a cross-petition in which they alleged that on August 23, 1939, they tendered to the treasurer of Garfield county the amount for which the lot was sold at the county commissioners' sale with enough additional to pay the costs, interest and penalty, and demanded a redemption certificate as provided by section 14, ch. 66, art. 31, S. L. 1939, and that from time to time thereafter and up to December 1, 1939, the tender was renewed, but that the county treasurer refused to accept the tender or issue a redemption certificate, and they asked that the resale deed and county commissioners' deed be canceled and that their title be quieted as against the claims of plaintiff. They deposited $135 with the court clerk to make good their tender.

The evidence discloses that L. F. Messman, who held a mortgage on said lot from the defendants, acting for himself and as their agent, called at the office of the county treasurer a few days after the county commissioners' sale to redeem the land and offered to pay the

county treasurer $130, a sum sufficient to take care of the amount for which the lot was sold at the county commissioners' sale, together with interest and costs, but that the county treasurer refused to accept said sum for the reason that property could not be redeemed from a county commissioners' sale, following the advice of the Attorney General.

The court entered judgment for the plaintiff, reciting in the journal entry of judgment that it was incumbent upon the defendants to file a mandamus proceeding before December 1, 1939, to compel the county treasurer to accept the redemption money and issue a redemption certificate. Defendants appeal.

The defendants argue three propositions, but we find it necessary to consider only two of them: (1) That their tender was valid and sufficient to entitle them to redeem, and (2) that the court erred in holding that mandamus to compel redemption was their exclusive remedy and that they could not enforce the right of redemption by cross-petition in the present action.

1. Section 14 of the 1939 resale act (68 O. S. 1941 § 432 m) authorized redemption from the 1939 resale by payment of "the full amount paid by the purchaser at the commissioners' sale, plus costs, expenses and penalty as therein provided, rather than the amount for which the property was sold to the county at the resale." Roberts v. Newell, 187 Okla. 139, 101 P. 2d 824; Strawn v. Holliman, 187 Okla. 142, 101 P. 2d 823. The evidence that the proper amount required to redeem was tendered is not in doubt, as argued by the plaintiff. It is clear that the county treasurer did not refuse to accept the redemption money because the amount tendered was insufficient or because the tender was not in proper form, but because he was of the erroneous opinion that no redemption could be had after the property was sold at the county commissioners' sale. The argument of the plaintiff that the trial court had the right to weigh the evidence and pass upon the credibility of the witnesses,

and to refuse to believe the uncontradicted testimony of Messman as to his offer to redeem, does not impress us. There is no evidence or circumstance that tends to contradict the testimony of Messman, and it is not inherently improbable or unreasonable. Nor was any attempt made to impeach him. In fact, his testimony is corroborated by the testimony of the county treasurer. Under such circumstances we are not at liberty to disregard it. White v. Roach, 165 Okla. 143, 25 P. 2d 333; 64 C. J. 359-361. Furthermore, the record does not indicate that the trial court found that Messman failed to do all that was necessary to redeem, short of filing a mandamus proceeding to compel redemption.

2. It is true, as argued by the plaintiff, that mandamus is a proper remedy to compel the county treasurer to perform his plain legal duty in connection with redemption from tax sales. Miller v. State, 70 Okla. 82, 173 P. 67; 38 C. J. 783 § 438. But plaintiff calls our attention to no case, and we have found none, holding that it is the exclusive remedy of the person having a right of redemption. We think that where, as here, a person having the right of redemption has in good faith attempted to redeem by timely offering to pay to the proper officer the amount necessary to redeem, and the rights of innocent third persons have not intervened, he may enforce such right by a cross-petition in an action filed by the holder of the tax deed to recover possession of the land. The failure of the officer to do his duty does not render ineffective such a valid attempt to redeem. 61 C. J. 1287, § 1788. The plaintiff purchased some three months prior to the expiration of the redemption period, and must be presumed to have purchased with knowledge of such right. There is no language in section 14 that justifies a contrary holding. That section was enacted for the benefit of property owners who were about to lose their property by the 1939 tax resale. It is generally held that statutes giving the right of redemption from tax sales should be liberally construed and applied in favor of the right. 61 C. J. 1243, § 1688; 26 R. C. L. 427, § 384,

note 6. The last clause in the section does not require us to hold to the contrary where, as here, the defendants brought themselves within the terms of the section giving the right to redeem. Their failure to fully effect a redemption of the lot prior to the expiration of the redemption period was not their fault, but was the fault of the county treasurer, who in good faith followed a construction placed on the section by the Attorney General, which we held to be erroneous in Roberts v. Newell, above. The decision in Roberts v. Newell was rendered subsequent to the expiration of the redemption period. The good faith attempt to redeem did not become ineffective and void by lapse of the redemption period, as held by the trial court, but the right was preserved and defendants were entitled to assert it by answer and cross-petition in the present case.

Such right of redemption, however, is subject to the right of Garfield county to collect the balance due on the taxes for which the lot was sold at the 1939 tax resale. Thompson v. Smith, 189 Okla. 217, 114 P. 2d 922.

Reversed, with directions to render judgment for the defendants canceling the resale tax deed and county commissioners' deed and to proceed in accordance with the views herein expressed.

CORN, V. C. J., and RILEY, BAYLESS, and DAVISON, JJ., concur. WELCH, C. J., and OSBORN, and GIBSON, JJ., dissent. ARNOLD, J. absent.