## HART v. THOMASON.

No. 30932. Feb. 21, 1944.

Rehearing Denied March 21, 1944.

Motion to Modify Opinion Denied Dec. 19, 1944.

*153 P. 2d 1003.*

Twyford & Smith and William J. Crowe, all of Oklahoma City, and R. D. Miller, of Hollis, for plaintiff in error.

Ross Cox, of Hollis, for defendant in error.

HURST, J. This is an action in ejectment and to quiet title to 80 acres of land in Harmon county. The land was sold to Harmon county at the 1940 tax resale and was conveyed by resale deed to the chairman of the board of county commissioners. On February 3, 1941, it was conveyed to the defendant Thomason by a county deed. The plaintiff Hart acquired his rights on March 31, 1941, by a quitclaim deed from the former owners, and thereafter, on April 1, 1941, he commenced this suit. The defendant, in his answer and cross-petition, set up his title and attached copies of the county deed and resale deed, and alleged his possession of the property, and asked that his title be quieted. The plaintiff, in his reply, alleged that the resale tax deed, on which defendant's title rested, is void for seven different reasons, and renewed the prayer of his petition and tendered all taxes, interest, penalties, costs, and expenses to which the defendant "may be entitled." At the close of the plaintiff's case he tendered the amount that had been paid for the county deed, which was considerably less than the total amount of taxes, interest, penalties, and costs due and for which it was sold to the county at the resale. The court held the tender insufficient in amount and dismissed the action, and from that judgment the plaintiff appeals.

The plaintiff argues but one proposition, that since neither the county nor the county treasurer was a party to the suit it was only necessary that plainiff

tender the amount paid for the county deed with legal interest. He relies mainly upon Roberts v. Newell, 187 Okla. 139, 101 P. 2d 824; Strawn v. Holliman, 187 Okla. 142, 101 P. 2d 823; and Koehn v. Fluman, 191 Okla. 71, 126 P. 2d 1002. These cases are not in point. They involve the right of redemption, and the amount necessary to redeem, under section 14 of the 1939 resale act, S. L. 1939, p. 555, 68 O. S. 1941 § 432m. That section was intended to serve a temporary purpose. It relates only to the 1939 resale, and limits the right of redemption to the period ending December 1, 1939. The defendant acquired his title from the county under the 1940 resale and after the expiration of that redemption period. The amount necessary to tender in the instant case is governed by 68 O. S. 1941 §§ 360, 453, 455. Under these sections it was necessary that the plaintiff tender the full amount of all taxes, penalties, interest and costs, which he was bound to pay if he had then been redeeming the land from the tax sale, which was the total amount of the tax liability due. See Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573; Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607. These cases, which overruled prior cases on the subject of tender, have been consistently followed by this court in the subsequent decisions. The tender statutes apply in actions involving county deeds where the attack made is upon the tax sale or resale proceedings. Crewson v. Spencer, 192 Okla. 582, 141 P. 2d 274.

The plaintiff also relies upon Levy v. Inman, 103 Okla. 90, 229 P. 436, which holds that the former owner is required to tender only the amount of taxes, interest, penalties, and costs assessed and due, where the real property was sold at resale for more than the amount of the tax liability assessed against it. The case is based upon the equity rule and does not mention the tender statutes. It is not in point here, where the property sold at the county sale for less than the amount of the tax liability due.

It follows that it was necessary for plaintiff to tender the full amount of taxes, interest, penalty, and costs assessed against the land, and that was due and unpaid, and to make good the tender. For failure to do so, the court properly dismissed the cause.

We are not here concerned with the question of the distribution of the amount required to be tendered and paid where the court finds the resale deed to be void, and where the property is sold at the county sale for less than it was sold to the county at resale. The plaintiff does not point out why, as intimated by him, the county or the county treasurer should have been made a party defendant, or why failure to do so would change the rule requiring compliance with the tender statutes. The former owner is not concerned with the distribution of the money paid in such a case. The county and the holder of the tax deed only are concerned with that matter.

Affirmed.

CORN, C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., dissents.

___

GIBSON, V.C.J. (dissenting). The third paragraph of the syllabus is inappropriate. In this case the former owner did not seek to invalidate the resale tax deed to the county. The former owner's grantee sued the purchaser at county commissioners' sale in ejectment and to quiet title to the land sold to the defendant by the county commissioners. Neither Harmon county nor its county commissioners nor its treasurer were parties to the action. If the trial court had rendered a judgment holding the resale tax deed void, such judgment would have been void to that extent, and could be set aside by the county at any time.

I also dissent to the majority opinion wherein it holds that the tender statutes apply in this kind of action. My reasons are stated in Crewson v. Spencer, 192 Okla. 582, 141 P. 2d 274, and need not be restated here.