## HENSHAW v. PRINGLE.

No. 21168. Opinion Filed June 2, 1931.

Rehearing Denied June 30, 1931.

R. H. Stanley, for plaintiff in error.

Hal Welch, for defendant in error.

KORNEGAY, J. This is a proceeding in error from Choctaw county, Honorable Earl Welch being the trial judge. The plaintiff, Pringle, brought his action in the lower court against the defendants Henshaw, Handis, and Barnett, on the 21st day of October, 1929.

The petition alleges the ownership, both legal and equitable, of lot 1, block 83, in the town of Hugo, relying upon a tax deed originally made to Choctaw county, recorded in the records at page 74 of book 170, in the clerk's office of Choctaw county, and also upon a deed from the board of county commissioners to himself, demands possession, and seeks to quiet his title to the property about which the suit was brought.

He divided his petition into three parts containing three separate causes of action. In the first cause of action he alleged wrongful possession, and in the second cause of action he alleged the right to quiet title, and in the third cause of action sets out that the defendants are excluding him from the premises, and are making changes and alterations in the real estate, and he asks for a receiver. He alleges that the defendant Barnett is paying rent on the premises to R. F. Henshaw, and he asks for possession and other relief accordingly.

The deeds that he relied upon are set out, beginning at page 6 of the record, and ending at page 13, and are as follows:

"County Deed.

"Property acquired at resale.

"Know All Men by These Presents, that:

"Whereas, Choctaw county, state of Oklahoma, on the 15th day of April, 1929, acquired title to the hereinafter described tract, parcel, or lot of land at a resale thereof for the nonpayment of delinquent taxes, penalties, interests, and costs for the year 1925; said sale was held at the office of the county treasurer at the courthouse in said county and state, where by law the taxes are made payable, beginning on the third Monday of April of the year 1929, between the hours of 9 o'clock a. m. and 4 o'clock p. m., and continuing thereafter from day to day between the same hours until com-

pleted, and that the said 15th day of April, 1929, is one of the days of said sale, and,

"Whereas, the grantee herein did, on the 5th day of August, 1929, make to the county treasurer of said county an offer to purchase from the county the tract, parcel, or lot of land hereinafter described; and,

"Whereas, the county treasurer caused notice of said offer to be given by publication in the Southeast Oklahoman an official county paper, published at Hugo, Okla., describing the land according to its legal subdivision, the price offered therefor, to whom it was proposed to be sold, and the date on which application would be made to the board of county commissioners of said county to approve said sale; and,

"Whereas, the board of county commissioners at the courthouse in Choctaw county, Okla., on the 19th day of August, 1929, the same being the date stated in the foregoing notice, did examine the proceedings had herein, and after due consideration, approve the sale of said tract, parcel, or lot of land for the consideration and to the party named in said notice of sale, and by order duly made and entered on its records, directed its chairman to execute a deed for the same to the grantee herein,

"Now, therefore, this indenture made this 19th day of August, 1929, between Choctaw county, state of Oklahoma, by G. W. Brinkley, the chairman of the board of county commissioners of said county, of the first part, and the said P. Pringle of the second part.

"Witnesseth, that the said party of the first part for and in consideration of the premises and the sum of $150 in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained, and sold, and by these presents doth grant, bargain, sell, and convey to the said party of the second part, his heirs, and assigns forever, the tract, parcel or lot of land mentioned in said notice of sale, and described as follows: to wit: Lot 1, block 83, Hugo, $150 in the county of Choctaw, state of Oklahoma.

"To have and to hold said described tract, parcel, or lot of land with the appurtenances thereunto belonging, to said party of the second part, his heirs, and assigns forever, in as full and ample manner as the county is empowered by law to sell the same. All special improvements taxes are hereby excepted.

"In testimony whereof, the said G. W. Brinkley, chairman of the board of county commissioners of said county of Choctaw, has hereunto set his hand on the day and year aforesaid.

(Seal)

"G. W. Brinkley, Chairman,
"Board of County Commissioners
"of Choctaw County, State of
"Oklahoma."

"Resale Tax Deed.

"Know All Men by These Presents, that:

"Whereas, the county treasurer of Choctaw county, state of Oklahoma, sold the hereinafter described tract, parcel or lot of land heretofore on the 1st day of November, 1926, to said county for nonpayment of delinquent taxes assessed thereon and did execute a separate tax sale certificate therefor and the same has remained unredeemed for a period of more than two (2) years from the date of said sale, and no person having offered to purchase the same by paying the treasurer the amount of all the taxes, penalties, interest, and cost of sale and transfer. Notice of the resale thereof was duly and legally given by the publication of a notice of sale in the Southeast Oklahoman, a newspaper of general circulation published in said county once each consecutive week for four publications on the following dates, to wit, March 14, March 21, March 28, April 4, April 11, 1929, preceding the resale; describing the real estate to be sold; the name of the owner of said real estate to be sold; the name of the owner of said real estate as shown by the last tax rolls in the office of county treasurer; the time and place of sale; the date on which said real estate was sold to the county for delinquent taxes; the years that taxes have been assessed and after delinquency added to the county lien; that the same have not been redeemed for a period of more than two years from date of sale to the county; the amount of all delinquent taxes, costs, penalties, and interests accrued thereon; that such real estate will be sold to the highest bidder for cash for said taxes, costs, penalties, and interests accrued on same, and remaining due, delinquent and unpaid, and on the 17th day of April, 1929, at a sale begun on the third Monday of April of the year 1929, between the hours of nine o'clock a. m., and four o'clock p. m., and continued from day to day between the same hours until completed. L. Chappell, the undersigned county treasurer of said county, pursuant to said advertisement did offer separately for sale upon a tax sale certificate heretofore issued as aforesaid at public auction for cash at the office of the county treasurer in the courthouse in and for said county of Choctaw, where by law the taxes are made payable, and no bidder offering, or bidding the amount due on said tract, lot or parcel of real estate offered for sale, the county treasurer of said Choctaw county, Okla., did bid off separately each tract, lot, or parcel of land hereinafter described in the name of the county of Choctaw, state of Oklahoma, for the sum set opposite thereto, the same being the amount of taxes, penalties, interest and costs due thereon, to wit:

| Description | Purchaser | Price |
| --- | --- | --- |
| Lot 3, block 77, Hugo. | Choctaw County, | $ 38.48 |
| Lot 1, block 81, Hugo. | Choctaw County. | 202.86 |
| Lot 2, block 81, Hugo, | Choctaw County. | 192.16 |
| Lot 1, block 83, Hugo, | Choctaw County, | 1072.43 |

"Whereas, the owner of said property so

sold at said resale has not offered to redeem the same by paying to the county treasurer the amount of all taxes, penalties, interest, and costs of sale up to the date of such redemption, and the said property remains unredeemed,

"Now, therefore, this indenture, made this 3rd day of June, 1929, between the state of Oklahoma, by L. Chappell, the treasurer of Choctaw county, on the first part and G. W. Brinkley, chairman of the board of county commissioners of Choctaw county, Okla., and his successors in office for the use and benefit of Choctaw county, Okla., of the second part,

"Witnesseth, that the said party of the first part, for and in consideration of the premises, taxes, penalties, interests, and costs, in the sum of $1,505.93, in hand paid, hath granted, bargained, and sold, and by these presents doth grant, bargain, sell, and convey to the said party of the second part and his successors in office, for the use and benefit of Choctaw county, Okla., forever, the tract or parcel of land so sold at resale, as aforesaid, and described as follows, to wit:

| Description | Purchaser | Price |
|---|---|---|
| Lot 3, block 77, Hugo, | Choctaw County, | $ 38.48 |
| Lot 1, block 81, Hugo, | Choctaw County, | 202.86 |
| Lot 2, block 81, Hugo, | Choctaw County, | 192.16 |
| Lot 1; block 83, Hugo, | Choctaw County, | 1072.43 |

"In the County of Choctaw, State of Oklahoma:

"To have and to hold said tract or parcel of land, with the appurtenances thereunto belonging to said party of the second part, his heirs and assigns forever, in as full and ample manner as the said treasurer of said county is empowered by law to sell and convey the same, and all delinquent taxes, penalties, interest, and costs previously assessed or existing against said real estate, including ad valorem and outstanding individual and county tax sale certificates, are hereby canceled and set aside. All special improvements taxes are hereby excepted.

"In testimony whereof, the said L. Chappell, treasurer of Choctaw county, state of Oklahoma, has hereunto set his hand and seal on the day and year aforesaid.

"State of Oklahoma
"By L. Chappell, County Treasurer of Choctaw County."

It appears that the deeds were not originally set out, and by order of the court the deeds were set out, and that a receiver was appointed, and at page 20 of the record the defendant Henshaw filed an answer, which is as follows:

"Comes now the defendant, R. F. Henshaw, and for his separate answer to the petition of the plaintiff, denies each and every allegation in said petition contained except such allegations of the petition as are hereinafter specifically admitted.

"1. This defendant alleges and states that he is the owner of the W. ½ of lot 1, block 83, in the city of Hugo, Okla., and that H. A. Barnett is his tenant, and that he, the said R. F. Henshaw, is in possession of the said property, renting the same to the said H. A. Barnett.

"2. This defendant further answering denies specifically each and every other allegation of said petition, and further states that the said tax deed and sales under which the plaintiff claims the title and ownership of the said property are void, and are of no force and effect for the following reasons:

"First. That there was no delinquent tax sale on the said property upon which the resale was based, and that the said county of Choctaw never acquired the title to the said property.

"Second. That the pretended sale in November, 1926, upon which the pretended resale is based is void for the reason that there is no mention of any lot or block in the entire description; that the advertisement of said sale described the said property within the cities and towns as lands in cities and towns and at no place mentioned as lots or blocks.

"Third. That in said advertisement the only expression of description is L 1 B 83, which is not an abbreviation of lots and blocks, and is not a description, and is too indefinite and uncertain to sustain the tax sale.

"Fourth. That the taxes on L 1 B 83, shown to be due at said sale is $64, and that there was no sale of the said property to the said county.

"Fifth. That, at the said pretended resale in April, 1929, the advertisements appearing in the papers of said resale not only included the said $64, being the taxes for the fiscal year 1925, but also included the taxes for 1914 and each and every year thereafter up and including the year 1925.

"Sixth. That there was no sale at said resale to Choctaw county and the property was not struck off at said resale to Choctaw county, but in truth and fact, there being no bidder upon the said property, the county treasurer simply passed said property, and subsequently, in his own office, made a notation upon his records and did not execute any deed to the chairman of the board of county commissioners until long subsequent to the said pretended resale, and not within the time as provided by the statute in such cases made and provided.

"Seventh. That the pretended resale, beginning April 15, 1929, was not held in the place as provided by the statute for the holding of such sale, but, on the contrary, the same was begun in the office of the county commissioners of Choctaw county, Okla., and was then taken and removed to

the county court room in the courthouse in Choctaw county, and the resale was not held in the office of the county treasurer, as is provided by the statute in such case made and provided.

"Eighth. That the chairman of the county commissioners of Choctaw county made a deed to the said P. Pringle to the said property, to wit: All of lot 1 in block 83, and the same was sold by the county treasurer of Choctaw county, to the said P. Pringle without any advertisement showing the price at which the property was sold, or that it would be· sold to the said P. Pringle.

"Ninth. That the resale tax deed filed as an exhibit in this case, from the ˙state of Oklahoma to G. W. Brinkley, chairman, is false on its face in that it says that a separate tax sale certificate was issued to the said county; that the said deed is void in · that it fails to allege that the said property was subject to taxation for the years' taxes for which sold, or pretended to be sold, in 1926, and that the deed fails to specify in its face for what year's taxes the property was sold in 1926; and fails to allege that the lands had been listed for assessment; and fails to allege that the taxes were levied according to law upon the land.

"Tenth. That the said resale tax deed from the state of Oklahoma to the said G. W. Brinkley, chairman of the board of county commissioners, is false on its face, in that it recites that after delinquency that 'The years that taxes had been assessed and after delinquency added to the county lien.' That not only was the taxes after delinquency added, but also prior years' taxes, from 1914 to 1925, inclusive, were added and advertised in the advertisement of the pretended resale, which tax under the law prior· to the year 1925, were or should have been in contemplation of law, taken care of by prior resales, and could not be added and the said property sold for the same at any resale in 1929. That the said amount in excess appearing in the advertisement of the resale upon said lot 1 of block 83, was $800 in excess of the taxes of 1925, and subsequent delinquencies, and that the owner was not required to redeem said land from said pretended tax sale by the payment of any such sum under any law.

"Eleventh. ·That said tax sale made at the resale in 1929, was void for this reason that the E. ½ of the said lot 1, in block 83, was owned by Dr. G. A. Handis, which was vacant and unimproved property and could have been sold to the highest bidder regardless of whether or not the bid amounted to the amount of taxes which was assessed against the said property and which was due upon said property at the time of the resale, while the W. ½ of the said property was owned by this defendant and was improved property and was not vacant and could not have been sold ·to the highest bid-

der for less than the amount of the taxes against the said property as advertised; and this defendant states that both the E. ½ and the W. ½ were considered together as improved property and the E. ½ was not offered or permitted to be sold to the highest bidder for cash separately.

"Twelfth. That the resale tax deed to the chairman of the board of county commissioners of Choctaw county, filed in this cause as an exhibit, is untrue and false in its face in that it alleges that the said county treasurer of Choctaw county, Okla., pursuant to said advertisement did offer separately for sale, upon a tax sale certificate heretofore issued as aforesaid, the above property, while in truth and fact no tax sale certificate was ever issued upon the said land.

"Thirteenth. That the said resale tax deed is void upon its face for the reason that said deed fails to expressly recite that the land sold was land liable for taxes and had been placed on the tax rolls or duplicated thereof for the year 1925.

"That, therefore, this defendant· having fully answered, and, for the reasons above stated, alleges that the plaintiff has no title to the said premises either legally or equitably; and further saith not.

"Signed: R. H. Stanley,
"Attorney for R. F. Henshaw."

After the filing of the answer, on page 26, the plaintiff filed a˙ motion to strike, which is as follows:

"Motion to Strike.

"Comes now the plaintiff herein, P. Pringle, and moves the court to ·strike from the files herein, the separate answer of the defendant R. F. Henshaw, and to adjudge the said defendant R. F. Henshaw, and to adjudge the said defendant in default·herein, and as grounds therefor says:

"That said defendant, by said answer, is attempting to plead a defense to plaintiff's action ·for possession of the real estate acquired by tax deed, ˙without tendering in open court for the use and benefit of the holder of said tax deed all taxes,· penalties, interests, and costs, which the said R. F. Henshaw would be required to pay, were he now redeeming said land from tax sale.

"The plaintiff, in the alternative, in the event the foregoing motion is not sustained, moves the court to strike each of the subdivisions, numbered 1 to 13, inclusive, from the second paragraph of said answer, and as grounds therefor says and states that neither of. said subdivisions, constitutes a defense to plaintiff's action.

"Signed: Hal Welch,
"Attorney ˙for plaintiff."

The court rendered a judgment,· on page 28 of the record, which is as follows: ˙

"Now, on this, the .12th day of February, 1930, the same being a regular judicial day of the district court of Choctaw county, Okla., the above-entitled and numbered cause coming on to be heard upon the motion of the plaintiff to strike the separate answer of the defendant R. F. Henshaw, and also to strike all 13 special defenses; and the plaintiff appearing by his attorney, Hal Welch, and the defendant R. F. Henshaw appeared by his attorney, R. H. Stanley, and said motion and plea is submitted to the court; and now, after hearing the arguments of counsel, and being fully advised in the premises, the court is of the opinion that, by reason of the fact that the defendant R. F. Henshaw has failed to make a tender of the taxes, as specified in section 9751, Revised Statutes of Oklahoma 1921, the plaintiff's motion to strike the entire answer should be sustained holding that as a condition precedent to the defendant making a defense as set up in his said answer, that he would have to make a tender of the taxes.

"And now, at this time, the defendant R. F. Henshaw declining to make a tender of the taxes, the court sustains the motion to strike the said answer of the defendant R. F. Henshaw. To which action of the court the said defendant R. F. Henshaw, at the time duly excepted.

"And now the court asks the said defendant R. F. Henshaw, if he desires to plead further, and the said defendant by his attorney, R. H. Stanley, states that he elects to stand on his answer, the court dismissed the defense of the defendant R. F. Henshaw. To which action of the court the said defendant, R. F. Henshaw, at the time duly excepted.

"It is therefore considered, adjudged, and ordered by the court, by reason of the default of the said defendant, R. F. Henshaw, as hereinbefore stated, that the plaintiff, P. Pringle, do have and recover of and from the defendant R. F. Henshaw, the possession of the said property described in plaintiff's petition, to wit, lot 1 of block 83, of the original town of Hugo, Okla. To which judgment of the court, the defendant, R. F. Henshaw, at the time duly excepted.

"And it is further considered, ordered, and adjudged by the court, that by reason of its appearing to the court that the other defendants G. A. Handis and H. A. Barnett have defaulted, and have not filed any answer in this cause, and it appearing from the answer of the defendant R. F. Henshaw that H. A. Barnett is the tenant of R. F. Henshaw, the court finds that both of the last-named defendants are in default, and the allegations of the plaintiff's petition are confessed as to them all.

"It is further ordered, adjudged, and decreed by the court, that P. Pringle is the legal owner of lot 1 of block 83, of the original town of Hugo, Okla., and that his title thereto is valid and perfect and superior to any right, title, or interest, or claim by the defendants, and that the said defendants or either of them have no right, title, or interest in or claim to the said premises.

"It is further considered, ordered, adjudged, and decreed by the court, that the plaintiff do have and recover of and from the said defendants in said cause, the possession of the said property, to wit, lot 1 of block 83 of the original town of Hugo, Okla., and that the title to the said property be quieted in P. Pringle as against the said defendants and those claiming or to claim under them, or any of them, and the receiver, L. R. Blakely, upon the filing of his report, is discharged and his sureties exonerated.

"It is further ordered, adjudged, and decreed by the court that the plaintiff do have and recover all of his costs from the said defendants. To which action of the court and which judgment of the court, the defendant R. F. Henshaw excepts and gives notice of appeal to the Supreme Court of the state of Oklahoma, which appeal is allowed by the court, and the same is noted by the clerk by the order of the court upon the trial docket of the said court.

"And now, at this time, the supersedeas bond of the said R. F. Henshaw is fixed at the sum of $1,500, and the said defendant R. F. Henshaw is given 15 days from this date within which to file said bond with the court clerk, said bond to be approved by the said clerk.

"And it is further ordered that execution be stayed during the said 15 days within which to file said bond, and that execution then be stayed pending the filing of an appeal upon the execution and approval of the said bond, and if said cause is appealed after the giving of the said bond that execution be stayed pending the appeal in the Supreme Court of the state of Oklahoma.

"Signed: Earl Welch,
"District Judge."

Case-made was regularly brought here along with proceedings in error, and the defendant Henshaw has given a supersedeas bond, which can be found on page 33 of the case-made.

In the brief and petition in error assignments are made, four in number. The first is based on error in striking the answer of Henshaw, and the second based on error in dismissing his defense. The third is based on error in rendering judgment against him on default, and the fourth being based on error in rendering a judgment for the possession of lot 1, block 83, described in the petition.

A brief on behalf of the plaintiff in error has been filed and also a brief on behalf

of the defendant in error. In the argument of the plaintiff in error, it is stated that in the court below he asked no affirmative relief, and there was a general denial in his answer, and admitted that he was in possession of the property. In his answer he alleges that there was no delinquent sale on which a resale was based, and that Choctaw county never acquired title to the property, and there are 13 grounds assigned as to why no title has passed.

As the court below struck out whatever defense the plaintiff in error had, an examination has been made of the brief of the defendant in error here to ascertain the reason assigned by the defendant in error for the action of the court in striking out of this answer and rendering judgment.

It appears from these proceedings that this was an action in ejectment, and that judgment was rendered as though default had been had. Section 467, C. O. S. 1921, is as follows:

"467. Petition. In actions for the recovery of real property, it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim, and to attach to his petition copies of all deeds or other evidences of title, as in actions upon written contracts; and he must establish the allegations of his petition, whether answer be filed or not."

Section 468, C. O. S. 1921, is as follows:

"468. Answer. It shall be sufficient in such action, if the defendant, in his answer, deny generally the title alleged in the petition, or that he withholds the possession, as the case may be, but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted. Where he does not defend for the whole premises, the answer shall describe the particular part of which defense is made."

It appears from the pleadings in this case that the defendant has been in possession and was at the time of bringing the suit. In the answer there was a general denial as well as specific statements as to certain defects that would have been fatal, if proven, to the validity of the tax deed, an enumeration of which it is not necessary to make.

In view of the plain provisions of the statute, it was incumbent on the plaintiff, whether an answer was filed or not, to make the proof required under the statute. It might be admitted that a tax deed is prima facie evidence of the regularity of the proceedings recited therein. That, however, is quite apart from saying that, when a person declares on a tax deed and seeks to get possession of the property, the necessity for proof required in an action in ejectment, on which to base a judgment, is done away with.

The briefs in the case discuss at length the constitutionality of the statute making the tax deed presumptive evidence of its regularity, but we do not deem it necessary to go into that matter in detail, owing to the state of the record as we find it here.

By section 6, chapter 158 of the 1923 Session Laws, the resale deed is made presumptive evidence in certain cases. Section 9750, C. O. S. 1921, prescribes certain presumptions with reference to the tax deed that is executed to a certificate holder on failure to redeem. However, in this case, there is a flat denial of the right of the plaintiff, and also some positive statements with reference to the original procedure under which the land was sold.

The ground of the court's action was a failure to tender in open court, for the use of the holder of the tax deed, the taxes, penalties, interest and costs, that the party seeking to redeem would be bound to pay if he was redeeming the land from tax sale.

Decisions of this court have been cited on both sides as to the cases in which this statute would require the tender. We do not think that these presumptions displace the general statute on the subject of ejectment, and would permit a rendition of judgment without proof, at the time of the rendition of the judgment, of the right of the plaintiff. See the case of Buell v. U-Par-Har-Ha, 60 Okla. 79, 159 Pac. 507.

The cause is reversed, with directions to the court below to set aside the order, striking the answer of the defendant, and with directions to proceed with the trial of the case in accordance with the views herein expressed.

CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and RILEY and CULLISON, JJ., absent.