## NEFF v. GRAY, County Treas. (SAVERY, Intervener).

No. 20935. Opinion Filed May 24, 1932.

William Neff and Charles R. Freeman, for plaintiff in error.

Milam M. King, County Attorney, and F. A. Greene, Ass't. Co. Atty., for defendant in error.

KORNEGAY, J. This was an action for a mandamus to compel the county treasurer of McIntosh county to issue tax resale deeds to the plaintiff, who bought the property at a resale tax sale and paid the money represented by her bids, which amounted to all the taxes due the county in each case. There were three separate tracts, on two of which the sale price was the amount of taxes due, and on the third tract the sale price was more than the taxes that were due. On the third tract there had been a sale for a former year, and it had been bought by an individual, and the tax certificates had been assigned to an intervener in the case.

The return to the alternative writ of mandamus was a general denial, but an admission of being the treasurer of McIntosh county, denying the regularity of the sale relied on by the plaintiff, the present plaintiff in error, and setting up the fact that the plaintiff at the time of the sale, and prior thereto, was the record owner of the property and charged with the duty of paying the delinquent taxes. It is further answered that there was a judgment obtained by L. E. Neff in the district court of McIntosh county on the 16th of April, 1926, reducing the valuation of lot A and the east half of the northwest quarter of section 18, township 12 north, range 15 east, from $3,000 to $600 for the year 1924, and it was claimed that a proceeding had been brought to set aside this judgment reducing the assessment, and that knowledge of the judgment's existence was only recently brought to the attention of the defendant treasurer, and upon such knowledge a suit had been started to set aside that judgment. It was further stated that by virtue of the judgment, if allowed to stand, McIntosh county would lose four-fifths of the actual taxes for the year 1924.

This return was signed by the county attorney of McIntosh county, Milam M. King, as attorney for the county treasurer, and also by the assistant county attorney.

R. S. Savery filed a plea of intervention, setting up his rights under a tax sale for delinquent taxes for the year 1924, and certificate to E. Ray and assignment of the tax sale certificate, and adopted the response of the treasurer, the tract that he intervened for being the east half of the northwest quarter, and lot 2 of section 18, township 12 north, range 15 east. He pleaded that he had caused notice to be served upon the record owner, Lucinda Gill, of ownership of this tax sale certificate, and of a demand on the treasurer to issue a deed under the tax sale certificate. He offered to pay the subsequent taxes, and prayed that the resale as to this land be vacated and held for nought and plaintiff take nothing by reason of the purchase, and for general relief for the intervener. This was filed by R. S. Savery, acting by Twyford & Smith and Leo G. Mann as attorneys.

The application to intervene was permitted to remain on file over objection of

the plaintiff, and the plaintiff filed a general denial to the matter set up in the plea of intervention. On the 24th of June, 1929, cause came on for trial before Judge Harve L. Melton, and the intervener was not represented at the trial, the plaintiff below, the present plaintiff in error, being represented by attorneys Neff and Freeman, and the county treasurer being represented by the county attorney. An explanation was made in opening statements as to the status of the respective pieces of property.

It appears therefrom, and the evidence adduced, that the piece of property embraced in the intervention was sold in 1925 for the taxes in 1924, and that subsequent taxes not being paid, a resale resulted in 1929, out of which this litigation in part arose. The plaintiff, Lucinda Neff, was the highest bidder for each of the tracts involved, and having waited 30 days and the treasurer refusing to execute the deeds, mandamus proceeding was started to compel the making of the deeds.

It appears that a suit had been instituted in the district court of McIntosh county by M. F. Wood against L. E. Neff and others to enforce a tax lien on the east half of the northeast quarter of section 8, township 8 north, range 13 east, and the southwest quarter of the northwest quarter of section 9, township 8 north, range 13 east, resulting in a judgment quieting title thereto in L. E. Neff, and establishing plaintiff's lien for taxes and lowering the assessment for 1924 on the land sold for taxes in 1925, for which Savery held the tax sale certificate.

After considerable statement of position, the county treasurer was called to the stand by the attorney for the plaintiff, and it developed that in 1929, beginning on the 15th of April and ending on the 20th, he had conducted a resale of lands that had been exposed to sale and bought in by the county before, and that the only taxes advertised as being due were those that were coming to the county, and that the tax sale certificate outstanding in favor of the intervener was not included in the amount advertised as being due. It further developed that he had given notice in the Indian Journal for four issues, and apparently the sale was regular. At page 30 of the record, the following testimony was had:

"Q. Now, I wish you would refer to your records and give us the amount that you sold each tract for. A. What land do you have reference to? Q. I will read the description of the land to you now. The first piece, the east half of the northeast quarter of section eight, township eight north, range thirteen east? A. East half of the northeast, eight-eight, thirteen, was advertised for the 1925, 1926, 1927, and the 1928 taxes. The taxes, costs, and penalties was $106.28 for the four years. Q. $106.28 for the four years, what did it bring? A. It was sold to Lucinda Neff for $106.28, the amount of taxes, penalties and costs. Q. Now, refer to the southwest quarter of the northwest quarter of nine-eight-thirteen? A. That was sold for the 1925, '26, '27, and '28 taxes in the amount of $80.25. Q. Who bid that in and what was the amount bid? A. Bid in by Lucinda Neff for $80.25. Q. Now, refer to lot two and east half of northwest quarter of eighteen-twelve-thirteen? A. That was advertised for the 1925 and the 1926 taxes in the amount of $144.61. Q. Who bought that in? A. That was bought in by Lucinda Neff for $310. Q. Did Savery bid on that, or anyone for Savery? A. There was another bidder, I don't know who he was bidding for, I don't know who he represented. Q. Was that amount of money, $310, actually paid into your office? A. It was. Q. Do you know who made this other bid against Lucinda Neff on this property? A. My recollection it was Sandford Lackey."

He was asked if he knew of any reason why deed should not be issued, and objection was made to this by the county attorney and sustained. He stated that the amount due on the certificate held by Savery was not included in the publication list.

Over objection of the plaintiff, the journal entry of judgment that was rendered by the district court, with reference to the reduction of the assessment for the year 1924, was introduced, and a letter bearing date of February 6, 1929, enclosing a cashier's check for $29.95 to pay the taxes for 1924, the writer stating that the assessment had been reduced to one-fifth, and the taxes had accordingly been reduced to one-fifth, which would make them $23.88, and he allowed $6 extra. The party writing wanted to know if the taxes for 1925 had been paid, and if not paid, stated he would pay them, and the draft was shown for the $29.85.

The journal entry shows Bacone College and I. B. Oldham appearing, and the county treasurer of McIntosh county, and the board of county commissioners of McIntosh county appearing by Milam M. King, and that some others made default, and it found that the allegations of plaintiff's petition are true, and the allegations of defendant L. E. Neff's answer and cross-petition are true, and orders reduction from $3,000 to $600 for 1924 assessment of the land embraced in the Savery tax sale certificate.

The judgment entry does not show when the suit started and the record does not disclose whether the suit was existent when the 1925 sale for taxes was held.

A demurrer to the evidence was interposed, followed by a judgment refusing the mandamus, but enjoining the treasurer from issuing the tax deed on the Savery certificate after execution of a supersedeas bond in the sum of $500. It appears that a supersedeas bond was issued, signed by the Southern Surety Company. Case was brought here by petition in error on case-made, and a brief has been filed on behalf of the plaintiff in error reciting facts practically as detailed above.

Assignments of error go to the overruling of motion for new trial, and sustaining the demurrer to the evidence, and that the decision was contrary to the law and evidence. Section 6, chapter 158, Session Laws 1923, providing the effect of the resale tax deed, is referred to, and the case of Gulager v. Moore, 78 Okla. 164, 189 P. 511, is cited as an authority that the duty to issue a resale tax deed may be enforced by mandamus, and the second proposition is that the Savery certificate, being outstanding, was no legal excuse for failure to issue resale deed, and in support thereof the statute of 1923, chapter 158, amending section 9746, C. O. S. 1921, was cited, as follows:

"* * * And within said thirty (30) days the county treasurer shall execute, acknowledge and deliver to the purchaser, or his assigns a deed conveying the real estate thus resold, which deed shall be upon a form to be prescribed by a (sic) State Examiner and Inspector and which shall contain a provision expressly canceling and setting aside all delinquent taxes, penalties, interests and costs previously assessed or existing against said real estate, including ad valorem and outstanding individual and county tax sale certificates, and such deed shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said land"

It is stated in the brief that the only question is whether the amount due on the Savery certificate would have to be collected as a part of the taxes upon the resale. Sections 9737, 9740, 9742, and 9743, C. O. S. 1921, are referred to in the brief. These sections provide for a lien on the land for the delinquent taxes to exist in favor of the purchaser of a tax certificate and subsequent taxes paid by him. Section 9737 provides for a tax receipt and duplicate for the taxes paid by the certificate holder to be the same as in other cases, and that the tax receipts shall carry an indorsement, "sold for tax at public sale." Section 9740

provides for the bidding off by the county in the absence of other bidders for the amount of taxes, penalties, interest, and costs due and unpaid on the property, and for the county's acquiring all the right, both legal and equitable, that any other purchaser could acquire. The case of Muskogee Times-Democrat v. Commissioners of Muskogee Co., 76 Okla. 188, 184 P. 591, is cited for the purpose of establishing that the taxes are no longer delinquent after an individual purchase at tax sale, and this is referred to approvingly in State ex rel. Commissioners of the Land Office v. National Bank of Commerce of Pawhuska, 139 Okla. 134, 281 P. 579. From these cases and argument, the inference is drawn that the certificate holder's claim was not taxes that the county treasurer would advertise for or would collect.

A brief for the defendant in error has been filed, claiming that the plaintiff was the record owner of the tracts of land, and therefore could not become a purchaser at a tax resale, citing Hurt v. Snyder (Colo.) 156 Pac. 600, Brooks v. Garner, 20 Okla. 236, 94 P. 694, Collins v. Hoffman (Wash.) 133 Pac. 450, and 26 R. C. L. 412, and that the failure to include the amount of taxes for 1924, which were represented by the tax certificate held by Savery, and Savery's application for a tax deed thereunder, and the judgment of Neff and others had on April 6, 1926, and the proceedings to annul it, were sufficient to prevent the mandamus going, and the argument is made that plaintiff Neff was bound to pay the taxes as being the owner, and therefore was not in position to demand a resale tax deed, and the case of Excise Bd. of Okla. Co. v. School Dist. No. 27 of Okla. Co., 31 Okla. 553, 122 P. 520, is cited upon the proposition of the discretion to be exercised by the court in denying mandamus, and reliance is placed upon the judgment of McIntosh county, reducing the amount of taxes for the year 1924, and stating that litigation was still pending to settle that controversy, and that a reversal would be useless, and that the plaintiff could redeem from the Savery certificate when its validity is determined, either by purchase or by paying the amount due thereunder to the treasurer, or she could allow the treasurer to relieve the county tax liens by permitting the treasurer to pay for them by money of plaintiff's now held by him. The cases cited appear to be cases bearing on the effect of tax deeds as between fiduciaries, rather than on the ministerial duty to issue under the statutory directions. The position is taken that the refusal of the county treasurer to issue the resale deeds on the tracts

not embraced by the Savery certificate is arbitrary, and the position is taken that L. E. Neff was the owner of the tracts of land instead of Lucinda Neff, and the case of Gulager v. Moore, cited above, is again referred to, and Smock v. Farmer's Union State Bank, 22 Okla. 825, 98 P. 945, and Smalley v. L. R. Yates, 36 Kan. 519, 13 P. 845, are cited, and Commercial Nat. Bank v. Robinson, 66 Okla. 235, 168 P. 810, is cited. and Ill. Central R. R. Co. v. People, 143 Ill. 434, 33 N. E. 173, is cited as to the two tracts and the duty of the court with reference to mandamus.

As to the third tract, it is claimed that the ownership of the land by the plaintiff, and also the existence of the judgment, were affirmative defenses, and should have been set up and established as defenses. Section 454 of the statute, with reference to pleading and mandamus, provides that no other pleading or written allegation is allowed than a written answer. The case of Beckel v. Union Township, 9 Ohio St. 599, is cited as governing a reply to the answer, and distinction and citation of authority is made as to the tax deed going to the person who was not the owner at the time of the levy of the tax, and the remedy of the holder of a tax certificate to protect himself by paying the subsequent taxes is suggested.

The effect of the judgment of April 6, 1926, upon the certificate held by Savery for a nonpayment of the taxes on November 2, 1925, is commented on, and it is insisted that the provision in the judgment reducing the assessment was void because Savery was not made a party to the suit, and that the defendant was not interested in the 1924 taxes, because the county had already received the taxes.

The question we are called upon to answer in this case is whether or not the court below, in sustaining the demurrer to the evidence, followed the law. We think, under the situation as disclosed here, that instead of sustaining the demurrer to the evidence, the court should have required the defendant to prove something that would have exonerated him from the duty of executing the resale deeds to the buyer at the resale. As to two of the tracts, there does not appear to be any reason for not executing the deed. As to the third tract, on which the Savery certificate is outstanding, we see no reason why, if the court had before it all of the parties, it could not have gone on and taken evidence as to the rights of Savery and adjudicated the matter after a full hearing.

It is clear to us, however, that Savery, by virtue of getting the certificate of purchase, merely clothed himself with the right to continue to pay the taxes and at the end of two years to get an ordinary tax deed, which, of course, would not exonerate him from paying such taxes as were assessed against the land after the year that the tax certificate covered. It is further clear to us, under the decisions and statutes and the facts in this case, that the issuance of the resale deed would cancel all taxes due or tax certificate outstanding, and that the remedy of the original certificate holder would be to pay the taxes and take his chances on a redemption by the owner, or getting a tax deed from the treasurer.

It appears in the present case that the proceedings have held up both the tax deed to the certificate holder and also the resale tax deed. The cases of Muskogee Times-Democrat v. Commissioners of Muskogee Co., 76 Okla. 188, 184 P. 591, and State ex rel. Commissioners of Land Office v. National Bank of Commerce of Pawhuska, 139 Okla. 134, 281 P. 579, afford a fair index to the rights of the parties. The record does not show whether the proceedings to reduce the assessment for 1924 were begun before the issuance of the tax sale certificate, and we do not pass on the effect of the judgment on the validity of the tax sale certificate.

The cause is reversed and remanded, with directions to the lower court to set aside the order sustaining the demurrer to the evidence, and with directions to grant a new trial in the case, and to proceed therein in accordance with the views herein expressed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.