COOPER v. BOARD OF COM'RS OF TULSA COUNTY et al.

No. 29396.    Oct. 1, 1940.

*105 P. 2d 1052.*

Chas. R. Nesbitt, of Tulsa, for plaintiff in error.

John W. McCune, of Tulsa, for defendants in error.

RILEY, J.   This is an appeal from a decree denying a petition to vacate and set aside a "resale" tax deed issued by the county treasurer of Tulsa county to said county, and to vacate and set aside a subsequent deed conveying the same land from the county to defendant William Askew.

The principal question is whether the deed to the county is void upon its face. If the contention of the plaintiff in this regard be sustained, it would follow that the county acquired no title, and its deed to defendant Askew would fail.

As to the deed from the county treasurer to the county, plaintiff makes two objections. He first contends that the deed is void on its face because it shows that it was not issued by the county treasurer within 30 days after the resale. He relies upon the provision of section 12756, O. S. 1931, title 68, Okla. St. Ann. § 415, which provides that the county treasurer within 30 days after such resale shall file a return of such resale, etc., and further provides:

"* * * And within said thirty (30) days the county treasurer shall execute, acknowledge and deliver to the purchaser or his assigns a deed conveying the real estate thus resold. * * *"

Plaintiff contends that this provision of the statute is mandatory, and if the deed be not issued within said time the county treasurer has no authority or power thereafter to execute and deliver the deed.

The deed recites in substance that the resale was held on the 3d Monday of April, 1938, and continued from day to day until closed, and that on the 18th day of April, 1938, the county treasurer offered the tracts and lots involved for sale at public auction, and there being no bidder offering the amount due thereon, he bid off, separately, each tract, lot, in the name of Tulsa county.

The deed shows upon its face that it was issued June 8, 1938. It was filed for record June 23, 1938.

In support of his contention in this regard plaintiff cites Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707, wherein it is held:

"Unless a resale tax deed was executed by one with authority to sell the land at a resale and to issue a deed, it is in legal effect a mere scrap of paper and it is not a resale tax deed, although so denominated therein, and although it has the general appearance thereof."

He also cites Kirsch v. Tracy, 174 Okla. 489, 55 P. 2d 428, and Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415. Other cases are cited holding in effect that in matters pertaining to tax sales, statutes, prescribing the manner of service of notice and the issuance of tax deeds thereon, are mandatory and not directory. However, not every statutory provision in connection with issuance of the tax deed is mandatory. It may be noted that in Jepeway v. Barrett, 165 Okla. 220, 25 P. 2d 661, it is held:

"The statement in Mannus-Dewall v. Smith, 139 Okla. 195, 281 P. 807, and Massey v. Tucker, 141 Okla. 193, 284 P. 648, that the failure of a county treasurer to file a return of sale of delinquent taxes with the county clerk is an irregularity sufficient to warrant the cancellation of a tax deed, is specifically overruled, in view of section 12746, O. S. 1931."

The return of sale, referred to in the two cases mentioned, was not required by section 9735, C.O.S. 1921, now section 12745, O. S. 1931, title 68, sec. 386, Okla. St. Ann., applying to original sales for delinquent taxes, but it is similar to the requirements of section 12756, supra, fixing the time within which the return shall be filed. In this connection it may be noted that the return of sale required by section 12756, supra, is made presumptive evidence of the regularity, legality, and validity of all the official acts leading up to such sale. Failure to file such return does not invalidate the sale. The presumptive evidence of the matters referred to may be lost by such failure and the holder of the tax deed could not introduce such return as such presumptive evidence, but he might, nevertheless, be able to prove by other evidence the same matters.

Statutory provision, requiring taxing officers, and those charged with the duty of collecting taxes and selling property for delinquent taxes, to do and perform specified acts in a certain manner and at specified times, in order to invest them with authority to make such sale, should be, and generally are, held to be mandatory. Substantial compliance therewith is required. But after all such acts have been performed as required by law, and the sale has been made, and the purchaser has done all that the law requires him to do in order to entitle him to a deed, statutory provision requiring the deed to be issued within a certain time should not be so construed as to deprive the purchaser of the right to a deed by the mere failure, neglect, or refusal of the county treasurer to perform the duty enjoined upon him by law.

To hold that the county treasurer loses power or authority to execute, acknowledge, and deliver a deed to the purchaser after the expiration of 30 days within which the return of sale is to be filed would place the purchaser of property at such sale at the mercy of the county treasurer, and without remedy where the county treasurer for any reason failed to execute, acknowledge, and deliver the deed within such time. Clearly the purchaser could not compel, by mandamus, or otherwise, the issuance of the deed prior to the expiration of the 30 days, for the reason that a complete answer to his demand would be that the law gives the county treasurer the full 30 days in which to deliver the deed properly executed and acknowledged, and if the purchaser did wait until after the 30-day period, the answer would then be that the county treasurer had the power and authority to execute, acknowledge, and deliver the deed.

The county treasurer is not divested of this authority. Neff v. Gray, 157 Okla. 207, 11 P. 2d 755.

In that case certain tracts of land were sold in 1924 for the 1923 taxes, and a resale resulted in 1929. Plaintiff was the highest bidder for each tract, "and having waited 30 days, and the county treasurer refusing to execute the deeds, mandamus proceedings were started to compel the making of the deeds." From an order denying the writ, plaintiff appealed. The order was reversed as to two of the tracts. In the opinion it is said:

"* * * The court should have required the defendant to prove something that would have exonerated him from the duty of executing the resale deeds to the buyer at the resale."

The court in effect held that, notwithstanding the expiration of the 30 days, the duty still rested upon the county treasurer to execute the resale deeds unless he could produce evidence which would exonerate him.

Furthermore, provisions as to time for the issuance of the deed found in section 12756, supra, do not apply to deeds to the county. Plaintiff asserts that:

"The provisions of section 12756, O. S. 1931, was the sole authority upon which the county treasurer of Tulsa county could proceed in the execution of a resale tax deed subsequent to his resale proceeding already held."

In this he overlooks section 12755, O. S. 1931, title 68, section 414, Okla. St. Ann., wherein it provides:

"In case no bidder offers or bids the amount due upon any tract of real estate other than the lots located in any city or town, as above provided and offered for sale, the county treasurer shall bid off the same in the name of the county for the amount of taxes, penalties, interests and costs due thereon, and shall issue a deed therefor in the name of the chairman of the board of county commissioners and his successors in office for the use and benefit of the county, and thereafter said property shall be exempt from assessments for ad valorem taxes so long as the title is held for the county."

This is a provision relating wholly to deeds to the county where there are no other bidders. This statute provides no time in which a deed may be issued to the county.

It is next asserted that the deed is void on its face because not made on the form provided by the State Examiner and Inspector.

The form used follows exactly the form approved by this court in Hatchett v. Going, Co. Treas., 121 Okla. 25, 246 P. 1100. It contained all the necessary recitals.

The deed involved is not void on its face.

Other assignments of error are not argued and no authorities are cited in support of them. They are treated as abandoned.

Judgment affirmed.

OSBORN, GIBSON, HURST, and DANNER, JJ., concur.