FLINT v. BOARD OF COM'RS OF TULSA COUNTY et al.

No. 29710. March 18, 1941.

Rehearing Denied April 15, 1941.

*112 P. 2d 157.*

Chas. R. Nesbitt, of Tulsa, for plaintiff in error.

Bailey E. Bell and J. A. Rowles, both of Tulsa, for defendants in error.

ARNOLD, J. This is an appeal from a judgment of the district court of Tulsa county sustaining a resale tax deed to the county, from which Ira D. Brooks,

one of the defendants, obtained his title. Charles W. Flint, hereinafter designated plaintiff, attacked the deed on two grounds: First, that the property herein involved was not assessed or extended upon the tax rolls of the county in compliance with sections 12616, 12628, O. S. 1931, 68 Okla. St. Ann. §§ 181, 294, in that more than one lot or part of lot was assessed jointly and a single valuation placed thereon and taxes assessed upon such valuation; second, that the deed, being based on an unlawful and void assessment, is void; and, further, said deed is void upon its face for the reason that it fails to show the amount for which each lot or part of lot was sold.

The record discloses that the plaintiff was a part owner of the west half of lots 1, 2, and 3, block 4, Campbell's addition to Tulsa, Okla.; that from 1918 to the present time said property, being parts of three contiguous lots, was assessed jointly and a single valuation placed thereon and taxes assessed upon such valuation; that the taxes were paid thereon up to 1929, but that from 1929 to 1939 no part of the taxes were paid; that this property is carried on the tax rolls as improved property. In 1939 this property was advertised and sold at a resale as one tract, unit or lot to Tulsa county for one consideration. Thereafter, the defendant Ira D. Brooks purchased said property from Tulsa county for the sum of $625.

The same propositions raised by the plaintiff in this case were raised by the same attorney in the case of Board of County Commissioners, Tulsa County, v. Sutton, 185 Okla. 665, 95 P. 2d 648, and determined therein adversely to the contention of the plaintiff. There is no essential distinction in the facts of this case and the above-cited case.

The judgment of the lower court is, therefore, affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, J., absent.