LIGHT OF TRUTH SPIRITUALIST CHURCH OF TULSA v. DAVIS et al.

No. 30174.    March 16, 1943.

*135 P. 2d 35.*

H. F. Fulling, of Tulsa, for plaintiff in error.

John W. McCune and Primus Wade, both of Tulsa, for defendants in error.

RILEY, J. Judgment below was ren-

dered in favor of defendants in error, plaintiffs below, in action in ejectment joined with an action to quiet title. Plaintiffs below based their claim upon a resale tax deed and a subsequent deed issued by the county commissioners of Tulsa county to Hubert Davis.

Section 592, O. S. 1931 (Title 12, O. S. 1941 § 1142), provides that in actions for the recovery of real property it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim, and to attach to his petition copies of all deeds or other evidences of title, as in actions upon written contracts; and *"he must establish the allegations of his petition, whether answer be filed or not."*

In Henshaw v. Pringle, 150 Okla. 64, 300 P. 666, the identical question was involved, and this court held that in an action in ejectment joined with an action to quiet title, the judgment for plaintiff on the pleadings, as though a default had been had, without evidence to support the petition, is error for which the cause should be reversed, whether answer has been filed or not. Buell v. U-Par-Har-Ha et al., 60 Okla. 79, 159 P. 507.

In the latter case it was held:

"Judgment for plaintiff cannot legally be rendered in an action of ejectment without proof of the averments of the petition as to title in plaintiff."

The journal entry of judgment discloses that the court rendered judgment "from an examination of the pleadings and instruments attached thereto," finding that Hubert Davis, plaintiff below, was the owner and entitled to immediate possession of the real estate involved. The record discloses that judgment was rendered without the introduction of any evidence whatever. There are other errors complained of, but such as may not reoccur upon a retrial.

The judgment is reversed and the cause is remanded, with directions to proceed consistent with the rule stated in the decisions heretofore cited.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.