CREWSON et al. v. SPENCER.

No. 30670. April 13, 1943.

*141 P. 2d 274.*

John A. Denny and S. J. Clendinning, both of Tulsa, for plaintiffs in error.

John W. McCune and E. D. Brewer, both of Tulsa, for defendant in error.

WELCH, J. Plaintiff Spencer sued to quiet title and for possession of two residence lots in Tulsa. He based title upon resale tax deed to Tulsa county made in 1927, and county deed to him given in 1940.

Defendant Crewson, in answer, denied generally plaintiff's title, and affirmatively pleaded that the resale deed to the county was void on its face for various reasons, including alleged errors of recitation as to tax years; errors in notice of sale; error in assessment of the two lots; omissions in recitations as to back taxes; erroneous sale of two lots and certain recitations asserted to be false. It was defendant's position that the resale deed to the county was void, and therefore the county deed to plaintiff was void.

Upon trial, plaintiff introduced in evidence the resale deed and his county deed, and rested.

When defendant offered to introduce evidence on his defense he was met by the requirement of tender of taxes. (68 O. S. 1941 §§ 453 and 455.)

Upon defendant's refusal to tender, the court sustained objection to introduction of evidence and rendered judgment for plaintiff for possession and quieting title.

On this appeal defendant urges that in an ejectment action the defendant under general denial may make any defense, legal or equitable, that would strengthen his own title or defeat his adversaries, citing Rowsey v. Jameson, 46 Okla. 780, 149 P. 880.

That rule does not apply where the statute prohibits the defendants from interposing any defense. Here the defense consisted of an attack upon a resale tax deed, and such defense cannot be made in the absence of tender. Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607; Hill v. Henry, 190 Okla. 413, 124 P. 2d 405, and Knisely v. Board of Trustees, Town of Skiatook, 192 Okla. 1, 134 P. 2d 971. In the Hill Case, supra, we held:

"One who, as either plaintiff or defendant, seeks to attack or avoid a tax deed or a claimed title asserted under a tax deed must comply with the applicable provisions of the statute relating to tender. (68 O. S. 1941 §§ 453 and 455.)

"Where, in an action to recover possession and quiet title under a tax deed, the defendant, as the asserted holder of the regular title and prior record owner of the property, desires to resist the recovery of possession, he must make the tender contemplated by statute (68 O. S. 1941 § 453) unless the tax deed was issued when there were no taxes due by reason of exemption of the land from taxation; nonassessment of the land; or prior payment of the taxes."

An examination of the resale deed in this case fails to disclose that same is void on its face. The form thereof is the same as the form examined and approved in Cooper v. Board of Com'rs of Tulsa County, 188 Okla. 42, 105 P. 2d 1052. The two lots described in the deed are presumed to be one parcel. Flint v. Board of County Com'rs of Tulsa County, 188 Okla. 628, 112 P. 2d 157.

Other attacks sought to be made on the resale deed require showings contradictory to the face of the deed, and of course do not support the contention that same is void on its face.

In reply brief defendant refers to a portion of his answer pleading in general effect that the property was not assessed according to law, and that illegal assessments and taxes were made and had against the lots. It is suggested that such portion of the answer be treated as a defense of payment of a part of the taxes. However, we are not able to so construe that portion of the answer. It appears quite clear that such portion of the answer was only a part of defendant's attack upon the validity of the resale tax deed, which could not be made without the required tax tender. Furthermore, no such contention was made at the trial or in defendant's first brief here.

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., dissents.

---

GIBSON, V.C.J. (dissenting). I am unable to agree with the majority opinion.

Whatever title plaintiff had was acquired through the deed to him from the county commissioners of Tulsa county. Such deed is not a tax deed within the meaning of the statutes relating to certificate tax deeds or resale tax deeds and actions thereon.

In the instant case the property involved was sold to Tulsa county at tax resale by force of the statute. Title 68 O. S. 1941 § 432d. If the resale and the proceedings antecedent thereto were regular, the county acquired a fee-simple title, a virgin title. The county's title was what is commonly called a tax title.

Title 68 O. S. 1941 § 432i provides for the management of real estate purchased by the county at resale, and sec-

tion 432j, same title, designates the procedure for the sale of such property. The amount for which property may be sold bears no relation to the amount of taxes due thereon at the time of the resale to the county.

Title 68 O. S. 1941 § 4321 provides that the proceeds of sale of property acquired by the county at resale (whether more or less than the taxes and penalties that were canceled by the resale to the county), and the proceeds from leases, rentals and royalties arising from the management of such property "shall be credited to and accounted for in a special cash fund to be styled the 'Resale-Property Fund' of such county . . ." This section further provides that this fund shall be continuous, not subject to appropriation, and shall be distributed to various purposes, none of which, however, are the purposes for which the tax was levied. And no part is to be distributed to the person who was owner of the property at the time of the resale, even though the amount received at the commissioners' sale should exceed the amount of taxes, penalties, etc., for which the property was sold at resale to the county. Moneys received at resale are deemed collection of a tax (sec. 432e), but not so the proceeds of sale of property by county commissioners.

A resale is a proceeding to collect delinquent taxes, and the deed given to a purchaser at such sale is a tax deed. The county commissioners' sale of lands acquired by it at resale is not for the collection of taxes, and the commissioners' deed is no more a tax deed than would be a deed from an individual purchaser at a resale.

Spencer was not a "tax purchaser" and he was not the "holder of the tax deed." In my opinion, it was error to require the defendants to comply with the tender statute (68 O. S. 1941 § 453). They sought to show that Spencer had no title to the lots in question, because his grantor, the board of county commissioners of Tulsa county, had no title.

To prove that, the defendants sought to show that the resale deed to the county was void. This was not an attack on the resale deed. For want of necessary parties, the trial court could not have effectively adjudicated in this case the validity or invalidity of the resale deed.

The majority opinion, by its force, applies the tender statute to deeds other than tax deeds. That is a function that appropriately belongs to the Legislature. If the Legislature should extend the provisions of the so-called tender statute to county commissioners' deeds, it would no doubt provide for the distribution of the proceeds of such tender, that is, what part, if any, should be paid to the purchaser from the commissioners and whether the remainder should be distributed as taxes or paid into the resale property fund.

Such legislation is necessary if a commissioners' deed is a tax deed. But obviously the Legislature has not so considered it, otherwise, it would have passed the appropriate legislation.