LIGHT OF TRUTH SPIRITUALIST CHURCH OF TULSA v. DAVIS et al.

No. 32705. June 17, 1947.

*181 P. 2d 969.*

H. F. Fulling, of Tulsa, for plaintiff in error.

John W. McCune, and Primus C.

Wade, both of Tulsa, for defendants in error.

CORN, J. This is an appeal by defendant from a judgment rendered by the district court of Tulsa county in an action in ejectment and for possession of real property, and to quiet plaintiff's title upon a county commissioners' deed, based upon a resale tax deed.

Presented herein is the second appeal of this case. We reversed and remanded the cause with directions on the former appeal, for the reason that the record disclosed that judgment was rendered for plaintiffs without the introduction of any evidence. See Light of Truth Spiritualist Church, etc., v. Davis et al., 192 Okla. 284, 135 P. 2d 35.

Plaintiffs filed their action June 7, 1939, claiming title and right to immediate possession of:

"West one-half (½) Lot ten (10) and Lot eleven (11) Block Five (5) Washington Addition to the City of Tulsa, State of Oklahoma."

Plaintiffs alleged legal and equitable ownership by virtue of a county deed, based upon a resale deed from the county treasurer, to Davis; that Oklahoma State Colored Spiritualist Association was an Oklahoma corporation, and defendant Light of Truth Spiritualist Church was a voluntary, unincorporated association.

Further, that defendants claimed some interest in the property, and that same had been cancelled by plaintiffs' deed; that defendants had obtained a judgment against tenants in possession of the property (in an action wherein plaintiffs were not parties) and defendant Crabaugh, a constable, was threatening to dispossess said tenants, and asked a temporary restraining order, which was granted. Crabaugh claimed no interest in the property, and it is unnecessary to further consider his part in these proceedings.

Praecipe for summons was issued as follows:

"Oklahoma State Colored Spiritualist Association, a corporation, Light of Truth Spiritualist Church of Tulsa, Oklahoma, a voluntary Association, and E. O. Crabaugh, Robinson Building, Tulsa, Oklahoma.

"For Light of Truth, see Mrs. A. Frazier, 1417 N. Madison Pl., Tulsa, Oklahoma."

The sheriff's return of service of summons showed service upon defendants as follows:

"Received this Writ June 7, 1939, at _____ o'clock _____ M., And served the same upon the following persons, defendants, within named, at the time following, to-wit:

"A. O. Crabaugh on June 7th, 1939.

"Light of Truth Spiritualist Church of Tulsa, Oklahoma by serving Mrs. A. Frazier, Church Trustee on June 9th 1939."

A further return of service showed the Oklahoma State Colored Spiritualist Association was not found, and this defendant is not further concerned in this appeal.

Defendant appeared specially and moved to quash service of summons, because not issued and served as required by law, which motion was overruled. Defendant then moved to require plaintiffs to make the petition more definite and certain, which motion was overruled, and defendant then filed a demurrer to plaintiffs' petition, which was overruled.

Defendant filed answer and cross-petition. Upon trial of the cause plaintiffs had judgment, and that judgment was reversed and remanded on appeal to this court as noted heretofore.

Upon remand to the trial court the matter was heard upon the same pleadings. Defendant's motion to quash was overruled and defendant then appeared specially, objecting to the introduction of any testimony. This motion was overruled, and plaintiffs introduced their evidence (by introduction of the resale deed and the commissioners' deed), to

which defendant demurred as insufficient to constitute a cause of action. The trial court overruled this demurrer and rendered judgment for plaintiffs.

Defendant has again appealed, presenting herein questions raised on the first appeal, but not considered in our former opinion. Defendant makes three contentions for reversal of this judgment: (1) error in overruling the motion to quash the summons and service thereon; (2) error in overruling defendant's motion to make more definite and certain and in overruling the demurrer to the petition; (3) overruling of the motion for new trial.

Defendant first contends that it was error to overrule the motion to quash service of the summons, and defendant's objections to jurisdiction, the service being insufficient to confer jurisdiction upon the trial court.

Our statute, 12 O. S. 1941 § 182, provides for service of summons in such instances as follows:

". . . Provided, further, that service may be had upon any common law trust or any other unincorporated association or trust of individuals designating themselves as a trust or represented by an individual as trustee, by service upon any one of such individuals as may be designated as trustee for said trust, the same as in any other civil action."

The petition alleged defendant to be a voluntary, unincorporated association. The summons likewise designated defendant in this manner. On appeal, defendant admits its existence as such an association. Thus the question simply is whether the service had upon the defendant was sufficient to confer jurisdiction upon the trial court.

Supporting this argument defendant cites and relies upon United Brotherhood of Carpenters, etc., v. McMurtrey, 179 Okla. 575, 66 P. 2d 1051, wherein we held, under section 182, supra, that to obtain personal service upon such an association, service had to be upon some member of the association; and that

service upon "A. B. Martin, business agent of Local 329" was not such service, since nothing in the sheriff's return, or in the record, justified a finding that the person named was a member of the named association.

Admittedly the defendant herein was a voluntary, unincorporated association, was sued and served as such, and the service made was upon the party designated as church trustee. A similar situation was presented in Board of Trustees of the Full Gospel Temple v. Oklahoma City ex rel. Rauch, 196 Okla. 491, 166 P. 2d 91. In that case it was shown that title to the property in question was in the board of trustees of the Full Gospel Temple and that service of summons was had upon the pastor, who was chairman of the board of trustees. Therein it was pointed out that the McMurtrey Case, supra, and similar cases involving personal liability of members of unincorporated associations, were inapplicable.

Defendant was sued by name, service being made upon one designated as a church trustee. On the face of the record such service was sufficient, under the requirements of the statute, to confer jurisdiction, in the absence of a showing to the trial court that the party so designated and served as a trustee was, in fact, not a proper person to be served in such capacity.

The second proposition is based upon the alleged error in overruling defendant's motion to make more definite and certain, and in overruling defendant's demurrer to the petition. Defendant insists the motion to make more definite and certain is important in that plaintiffs should have been required to deraign their title. The argument supporting the alleged errors may be considered in two parts.

Defendant first contends plaintiffs' petition merely described this property by lot and block, and sought possession and quieting of the title based upon the resale tax deed; and, there being no facts alleged showing the two parcels to be contiguous, occupied or improved

so as to make it impractical to list, assess, tax and sell them separately, the deed was therefore void on its face.

Supporting this defendant relies upon the rule announced in Emery v. Stansbury, 173 Okla. 478, 49 2d P. 155, and earlier cases cited therein, to the effect that a tax deed, showing that town lots were sold together for a single consideration, is void on its face. It is defendant's position that the statutory provision (§ 12616, O. S. 1931, 68 O. S. A. § 181) and the decisions thereunder required the petition to, allege facts sufficient to show why it was impractical to list, assess and .sell the lots separately, otherwise the petition could not withstand a demurrer.

However, we now adhere to the rule that where land described in a tax deed is sold as one parcel for a single consideration, it is to be presumed to be one separate tract subject to listing and valuation as such on the tax rolls, and to tax sale for a single consideration, unless the contrary affirmatively appears from the deed itself. Board of Com'rs of Tulsa County. v. Sutton, 185 Okla. 665, 95 P. 2d 648; Flint v. Board of Com'rs of Tulsa County, 188 Okla. 628, 112 P. 2d 157; Hefner v. Cravens, 189 Okla. 558, 118 P. 2d 652; Crewson et al. v. Spencer, 192 Okla. 582, 141 P. 2d 274.

The petition herein alleged the tax sale and plaintiffs' ownership, and the resale deed and commissioners' deeds were introduced in evidence. The deeds in question contained the necessary recitals and were not void on their face. Under the rule announced by the cited cases, the plaintiffs' petition was sufficient to withstand defendants' demurrer.

The next matter urged by defendant under this proposition is that the petition stated no cause of action in favor of DeBose, since the deed showed title only in Davis.

Defendant filed motion to make more definite and certain by requiring DeBose to show her claim of title. This

motion was overruled and defendant then filed a general demurrer. The record does not show any ruling thereon and defendant thereafter filed answer, alleging no cause of action existed on behalf of plaintiff DeBose.

In Okmulgee Supply Co. v. Rotman et al., 144 Okla. 293, 291 P. 1, we held that misjoinder of a party plaintiff was not fatal to a judgment in the absence of a motion to strike. And, that misjoinder of parties can only be reached by a motion to strike the unnecessary or improper parties. No motion to strike was offered at any time. In such instances the alleged defect of misjoinder is waived. Okmulgee Supply Co. v. Rotman et al., supra.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.